ALFRED RASBERRY v. THE STATE.

No. 4279. Decided January 17, 1917.

1.—Murder—Principals—Charge of Court.

Where, upon trial of murder, the issue of principal was raised by the evidence as to whether defendant was present during the commission of the offense, aiding, etc., the court should have given the requested charge that the mere presence of the defendant at the time and place of the difficulty, was not sufficient to constitute him a principal, but the evidence must show that the defendant did something which would bring him within the statutory rule constituting him a principal, and unless this was shown by the evidence to the exclusion of a reasonable doubt, defendant would be entitled to an acquittal even if the offense was committed by another in his presence.

2.—Same—Objections to Charge of Court—Bill of Exceptions.

Where the bill of exceptions reserved to the overruling of the objection to the charge of the court and a refusal of a requested charge, was in compliance with the law, the same was sufficient.

3.—Same—Question of Fact—Defense—Affirmative Charge—Rule Stated.

Wherever an issue is presented for solution by the jury under the facts, an appropriate charge should be given, and if it is favorable to the defendant, an affirmative charge must be given so that the jury may pass directly upon that question in reaching their verdict.

Appeal from the District Court of Fisher. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.—On question of court's charge on

principals: Monroe v. State, 47 Texas Crim. Rep., 59; McMahon v. State, 46 id., 540; Scott v. State, 46 id., 315; Goodwin v. State, 58 id., 496; Cecil v. State, 44 id., 450; Jackson v. State, 20 Texas Crim. App., 190; Wood v. State, 28 id., 14.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of principals: Davis v. State, 61 Texas Crim. Rep., 611; Franklin v. State, 45 Texas Crim. Rep., 470; Smith v. State, 21 Texas Crim. App., 107.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder, with twenty-five years sentence in the penitentiary.

The court submitted the case for conviction upon the proposition that Will Luman did the killing and appellant was present aiding him by acts and encouraging him by words or gestures to commit the offense, and further, that appellant was a principal by reason of the fact that he had previously agreed to the commission of the offense and was present at the time of the killing. This was the State's theory. Appellant, before the argument began, asked an appropriate instruction to the effect that the mere presence of defendant at the time and place of the difficulty was not sufficient to constitute him a principal, but the evidence must show that the defendant did something which would bring him within the statutory rule constituting him a principal, and unless this was shown by the evidence to the exclusion of the reasonable doubt, defendant would be entitled to a verdict of not guilty, even if the offense was committed by Will Luman. This was asked in connection with the main charge because the court had not embodied this proposition either in fact or in substance in the main charge. It is contended the bill of exceptions does not show that appellant brought himself within the rule of our recent statute by excepting in the manner and form as therein required; that his bill is not technically in conformity with that statute. In order that there may be no question about this matter, so far as the bill is concerned, it will be here reproduced:

"Be it remembered, that on the trial of this cause, and before the court's main charge was read to the jury, and before the argument began thereon, the defendant made and presented to the court his special instruction No. 1, as follows, towit: . . . 'Gentlemen of the Jury: You are instructed that the mere presence of the defendant at the place and time of the killing is not sufficient to show that he was a principal offender.

" 'But the evidence must go farther and show that the defendant either agreed to the commission of the offense, or aided by act, or encouraged by words or gestures the said Will Luman, to kill the deceased, and unless you find from the evidence beyond a reasonable doubt that the defendant agreed to the commission of the offense, if any committed, by Will Luman or aided by acts or encouraged by words or gestures

the said Will Luman to kill the deceased, then you will find the defendant not guilty, and that, too, even though you believe Will Luman guilty of murder or manslaughter.' Refused, Jno. B. Thomas, Judge." The bill further recites that appellant "asked the court to approve said charge, and give it to the jury in connection with the main charge of the court, but the court refused to give said special instruction to the jury and refused to instruct in substance the law embodied in said special charge in his main charge to the jury, and said special charge was not submitted to the jury, to all of which the defendant in open court excepted and now tenders his bill of exceptions for approval." This bill is approved by the judge as correct without qualification. We are of opinion that this bill is a sufficient compliance with the law in presenting this matter to the trial court. It recites the fact that the court did not embody this principle in his charge, and because he did not do so, this special charge was requested presenting that issue, and the court refused it, and all this occurred before the argument began and before the charge was read to the jury. It would be difficult to understand how or why the trial court did not understand fully from this bill of exceptions that he had made this omission in his charge, and not only so, but that when it was presented he understood fully and refused to give it, and, thereby, we suppose, holding that the issue was not raised. The bill recites that it was called to his attention by the charge and for the reason he had not embodied it in the general charge. The writer will not discredit the trial judge by stating that he failed to understand this, because he approves fully the bill of exceptions which recites that he did understand it and refused to give it. The bill will be treated then as technically sufficient to call the court's attention to it at the proper time and in the proper way, and is entitled to consideration on appeal.

Upon this issue the State's evidence, as to the immediate facts of the killing, was introduced through the witness Addie Bostick, daughter of deceased. The State also introduced Mr. Pruitt and his wife as to some corroborative facts showing the parties were together before they reached the place of homicide. Miss Bostick was the only eyewitness. She is the daughter of deceased and was with him at the time he was killed. Her testimony is to the effect that Luman did the shooting and the defendant did not fire a shot. Her exact words are these: "The other man did all the shooting. Just one of them did the shooting and that was Luman, the other man." The evidence further shows, for the State, that Luman and appellant were brothers-in-law, and that Bostick had previously killed a brother of the defendant, who was also a brother-in-law of Luman, and had also stated that Luman was a cow thief nd his wife was a whore. This seems to have been the first meeting after this information was conveyed to Luman. Appellant and Luman were seen together riding in the direction of where the killing occurred, coming down a mountain side; when they reached a certain point they dismounted; that appellant was standing about twenty-five or thirty yards

from Luman at the time of the shooting. Miss Bostick testified she saw appellant standing back on the bank doing nothing; that he was looking on, and she did not see him with a gun at that time, but after the shooting he came down to the brink of the bluff and she then saw he had a gun. The evidence of the sheriff shows all of the shells which were fired were fired by Luman; he found them where tracks of Luman were made and where he was standing. There is no evidence that appellant fired, but it is shown he did not shoot.

The theory of the State, therefore, briefly stated, is that appellant and Luman were acting together, and, therefore, principals. This is denied by appellant, and there is evidence to sustain him It is unnecessary to go into a detailed statement of the testimony. The question is raised that appellant, though present, was not a principal, and did nothing to encourage Luman, and did not advise him to do the killing, or do anything which would bring him within the purview of the statute with reference to principals. The explanation was that appellant and his brother-in-law were hunting an animal in that neighborhood which belonged to appellant, and was in that pasture, and that the meeting was accidental, and that deceased began the difficulty. Whatever the jury or the court may have thought about it, the issue was raised, and the court not only did not give affirmatively this phase of the law but refused a charge requested presenting it. Wherever an issue is presented for solution by the jury on the facts, an appropriate charge should be given, and if it is favorable to the defendant, an affirmative charge must be given so the jury may pass directly upon that question in reaching their verdict. The solution of all questions of this sort is relegated to the jury under appropriate instructions. It can not be solved by the court on the facts. It is his province and duty to charge the law and the jury to decide the weight of the testimony and credibility of the witnesses. The court can not refuse a charge because he may have agreed with the State's side of the case, and thus withdraw from the consideration of the jury matters raised by the evidence which are favorable to the accused. Whatever the testimony may be, whether strong and cogent for the State, or with less strength for the defendant, if the issue is in the case it is the duty of the court to submit appellant's side of it.

Because the court failed to so charge and refused the special instruction requested, the judgment is reversed and the cause remanded.

*Reversed and remanded.*