### ALFRED RASBERRY V. THE STATE.

No. 5220.   Decided December 18, 1918.

**Murder—Charge of Court—Self-defense—Unexecuted Intentions.**

Where, upon trial of murder, defendant criticised a certain paragraph of the court's charge in that it made defendant's right of self-defense depend not upon his acts, but upon his unexecuted intentions, but it appeared from the record that the paragraph in question, when construed in connection with the remainder of the court's charge, could not have impressed the jury with that view, there was no reversible error.

Appeal from the District Court of Jones. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham, J. H. Beall,* and *E. T. Brooks,* for appellant.—On question of unexecuted intentions: Cheatham v. State, 57 Texas Crim. Rep., 442 · Pratt v. State, 50 Texas Crim. Rep., 227.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This case, on a former appea., was reversed, and in the reports, 80 Texas Crim. Rep., 498, will be found a sufficient statement.

The court, in a charge which, we think, is unexceptionable, instructed the jury upon the law of murder, manslaughter and defined principal offenders. In the twelfth paragraph of the charge he stated with accuracy and fairness the general principles of self-defense in their application to both real and apparent danger. He also charged on the presumption of intent to kill by the use of a deadly weapon by deceased; and on the right of one assailed to stand his ground and to continue to shoot while the danger existed or appeared to exist, viewed from his standpoint. He gave an accurate and complete charge upon the law of communicated threats.

The leading question of law presented arises from the construction of the fourteenth paragraph of the charge, which we reproduce:

"You are charged that if you believe from the evidence beyond a reasonable doubt that prior to the time that J. F. Bostick was shot and killed by Will Luman, if he was so killed, that the defendant, Alfred Rasberry, and Will Luman had previously formed a design to kill the said J. F. Bostick and repaired to the scene of the killing, armed with that intent on the part of him, the said Will Luman, and not under such circumstances as would reduce the homicide to the grade of manslaughter, as manslaughter has been herein defined to you, and not in defense of himself or in the defense of Alfred Rasberry as hereinbefore charged, and that said Alfred Rasberry was present and knew the unlawful intent of the said Will Luman and aided him by acts or encouraged him by words or gestures, or that prior to the killing of said J. F. Bostick the said Alfred Rasberry advised the said Will Luman to kill the deceased and was present when he was killed, and that under such circumstances said killing was done, then in that event the killing of J. F. Bostick by Will Luman, if he did kill him, would not be in his self-defense nor in defense of Alfred Rasberry, but in that event, if you so believe, the said Alfred Rasberry would be guilty of murder."

Appellant's criticism of the charge quoted is in substance that it makes appellant's right of self-defense depend not upon his acts, but upon his unexecuted intentions. Manifestly, if the paragraph considered in connection with the other subdivisions of the charge is susceptible of the construction contended, it is erroneous, because one does not forfeit his right of self-defense by reason of his intentions, unaffected by his acts or words evincing his design to put his intentions into execution. Cheatham v. State, 57 Texas Crim. Rep., 442; Pratt v. State, 50 Texas Crim. Rep., 227; Branch's Ann. P. C., p. 1099.

In the various other paragraphs of the charge mentioned the law of self-defense, as applicable to appellant and his companion, were stated to the jury unencumbered by any qualification. In the subdivision on threats the law was applied to the facts, with instruction to acquit if found in appellant's favor; and in the thirteenth section of the charge the law was applied in appropriate language to appellant's theory of defense, accompanied by an unqualified instruction to acquit if found in favor of appellant or if a reasonable doubt was entertained as to their

existence. In the part of the charge assailed, the court in presenting the converse of appellant's theory, applied the law of principals to the State's theory of a prearranged, unprovoked assault, not extenuated or excused by any act done or word spoken by the deceased immediately preceding it, guarding at the same time appellant's right, by special reference to the instructions given on manslaughter and self-defense; predicating the State's right to a conviction under the fourteenth paragraph upon a negative finding by the jury on the facts which would mitigate or justify the homicide.

The jury, in other parts of the charge, were informed that appellant's presence alone would not render him culpable, and in substance were instructed that if Luman acted under circumstances justifying him, that appellant's acquittal should follow, and the language used by the court in the charge complained of, was not unadapted to the evident purpose of advising the jury that if Luman acted with malice, and not in self-defense, or under circumstances reducing the grade of his offense to manslaughter, and that appellant being present, had previously advised the homicide, or on its occasion, with knowledge of the unlawful purpose of Luman, aided or encouraged it, he would not be justified under the law of self-defense, but would be responsible for the unlawful act of Luman.

In our opinion, the paragraph in question, construed in connection with the remainder of the charge, could not have impressed the jury with the view that if appellant and Luman had formed the design to kill deceased they would be guilty of murder, although at the moment of the homicide deceased was the aggressor, or apparently so, as viewed from the standpoint of appellant or Luman.

The jury has solved the issues of fact against the appellant, guided as to the law, by a charge which, as a whole, fairly construed, accords the appellant the perfect right of self-defense.

The judgment is ordered affirmed.

*Affirmed.*