FLOYD CARTER V. THE STATE.

No. 9874.   Delivered March 3, 1926.

Rehearing denied May 12, 1926.

**1.—Assault to Rob—Evidence—Held Insufficient.**

Where, on a trial for an assault to rob, it being conceded that the appellant was not present at the time the offense was committed, and his guilty connection therewith being evidenced only by the testimony of one Henderson, who committed the offense, who testified that appellant had agreed on the afternoon before the attempted hold-up to participate in same, but was not actually present, did not agree to keep watch or to aid in the escape of Henderson, was insufficient.   A mere agreement with Henderson by appellant to take part in the attempted robbery, without any other act on his part, would not justify his conviction, and the evidence must be held insufficient to support the judgment.   See Cheatham v. State, 57 Tex. Crim. Rep. 442, and other cases cited.

**2.—Same—Accomplice Testimony—Corroboration Insufficient.**

Where the only corroboration of the testimony of the perpetrator of the offense, who testified against appellant, was the fact that at the time of the offense, prosecuting witness was wearing the hat of appellant, and after its commission appellant was found in possession of the cap of prosecuting witness, such corroboration is wholly insufficient.   For principles controlling the corroboration necessary of an accomplice testimony, see Art. 801 C. C. P., Vernon's Tex. Crim. Stat., Vol. 2, p. 723, and cases listed in Noble v. State, 273 S. W. 251.

**3.—Same—Bills of Exception—Question and Answer Form—Cannot Be Considered.**

By reason of the fact that there are numerous bills of exception in the record which are in the main but transcripts of the stenographer's notes in question and answer form, we are again called upon to announce that under Art. 846, Vernon's Tex. Crim. Stat., Vol. 2, and the unbroken line of decisions by this court, that such bills cannot be considered by us.

ON REHEARING BY STATE.

**4.—Same—Corroboration of Accomplice—Held Insufficient.**

The state, on motion for rehearing, insists that the corroboration of the accomplice Henderson was sufficient, and that the cause should be affirmed.   We cannot agree with the same.   If it be conceded that appellant drove Henderson in his truck to a point where Henderson boarded the street car, and committed the assault, appellant not being present nor aiding in any manner, this would not be sufficient to justify the conviction of appellant.   The testimony, aside from that of Henderson, would have to show that appellant knew of the criminal intent of Henderson, was acting with him, and was present for the purpose of doing some part of same.   There was no testimony at all supporting such proposition but that of the accomplice Henderson, and the state's motion for rehearing is overruled.

Appeal from a conviction in the Criminal District Court of

Harris County.   Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for assault to rob, penalty four years in the penitentiary.

The opinion states the case.

*Wander & Williamson* of Houston, for appellant.

*Horace Soule,* District Attorney, *J. L. DuMars,* Assistant District Attorney, *Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Assault to rob is the offense, punishment fixed at confinement in the penitentiary for a period of four years.

According to the State's evidence, J. W. Lindley, a street car motorman, was assaulted by Jack Henderson about twelve o'clock at night.  Henderson used a pistol of which Lindley got possession, both of them being wounded in the scuffle.  At the time of the assault, Lindley was on his street car, which was stopped at the instance of Henderson, who was supposed to be a passenger.

Henderson was used as a witness by the state. He testified that he had been tried and found guilty by a jury.  Lindley's testimony was affirmative to the point that neither the appellant nor anyone else save Henderson was present at or during the assault.  According to his testimony, Henderson had known the appellant but a day or two; that on the day of the offense he, one Miller, and the appellant agreed to rob the street car.  Henderson described minutely the plan and the part of each, also his movements during the day antecedent to the assault.  From his testimony we learn that he was to meet Miller at a place called Luna Park and the appellant at Henke's wagon yard.  The plan contemplated that Miller would get on the car and ride in the guise of a passenger; that Henderson was to get on later and cause the motorman to surrender the money, and that if an arrest resulted, Miller would be a witness against the identity of Henderson as the assailant.  This witness claimed that when Miller failed to appear, a plan was devised contemplating that Henderson should be taken in the appellant's truck, driven by the latter, to the street car; that Henderson should board it and make the motorman get off the car, when he would be searched and the money taken from him by the appellant. According to Henderson, he rode in the appellant's car to a

point on the street some distance from the street car track, where they separated and the appellant was seen no more. Henderson boarded the car, pretending at first to be a passenger, and shot the motorman. A scuffle ensued in which he lost control of his pistol and was shot by the motorman. At the time of the assault, appellant was in possession of Henderson's cap and the latter· was wearing the appellant's hat.

Miller testified that he had been in company with Henderson and the appellant on the afternoon preceding the offense; that the three went to the same resort together; that Henderson made overtures to the witness and the appellant to join him in robbing a street car and burglarizing a store, but that neither he nor the appellant gave Henderson any encouragement or made any agreement to assent to his proposals.

Appellant testified in his own behalf to his association with Henderson and Miller during the afternoon before the offense was committed. According to his testimony, at night after going on errands with his truck and hauling some furniture he, while in company with Henderson, took Mrs. Burke in the car. Appellant offered to drive Henderson to town but he said that he would catch a street car. He then left the automobile and went towards the street car track. Appellant took Mrs. Burke to her house. When sitting in his car on the street at the home of Mrs. Burke, he heard the shots fired and soon thereafter went in his car to his home. According to the appellant, while he, Miller and Henderson were together during the afternoon, a trade was made by which he traded his hat for Henderson's cap and received a dollar difference. Miller, in his testimony, verified this transaction as having taken place in his presence.

A police officer who lived about 300 feet from where Lindley was found, testified that after having retired and upon hearing shots fired, he left his house partly dressed and went to Judge Williams' house, where he found Lindley in a wounded condition. He saw standing upon one of the streets a Ford truck which was about 160 yards distant from the street car, which was standing on·the track.

Appellant, in the trial court and here, contends that the evidence is not sufficient to support the verdict. We are constrained to regard this contention sound. That the appellant took no actual part in the assault is affirmatively shown by the testimony of Lindley, the injured party, and by Henderson. If Henderson's testimony be true, appellant had agreed to take a given part in the commission of the offense, namely; to search the motorman and take his money from him while Henderson

held him in fear of his life. Appellant failed to do what he had agreed to do. The nearest point to the place of the robbery which the evidence shows the appellant to have come was 160 yards. This is but circumstantially shown by the testimony of Morris, who saw an automobile standing on the street at about the distance mentioned soon after he heard the shots, which were presumably the ones fired in the affray. It is not the contention of Henderson that appellant's part in the offense was to keep watch or to aid in the escape of Henderson, but to be an actual participant. Unless appellant was an actual participant, we fail to find any evidence corroborative of the testimony of Henderson to the effect that the appellant agreed to take a given part in the robbery or to take any part therein. If, however, he had agreed to take part, he had the privilege of changing his mind, and the evidence is affirmative to the effect that he did not take part in the robbery. See Cheatham v. State, 57 Texas Crim. Rep., 442; Branch's Ann. Texas P. C., p. 1099; Rasberry v. State, 84 Texas Crim. Rep., 393.

The fact that the appellant's hat was in the possession of Henderson and Henderson's cap in the possession of the appellant is not of sufficient cogency to meet the requirements of the statute requiring corroboration of an accomplice, when considered in the light of the previous association of Miller, Henderson and the appellant, which comes from the State's witnesses. The explanation made by Miller and appellant accounting for Henderson's possession of appellant's hat is entirely consistent with the testimony vouched for by the State which brought the appellant and Henderson together at various resorts during the day preceding the offense. The precedents bearing upon the sufficiency of the corroborative evidence are too numerous to mention. The principles controlling are found in the statute, Art. 801, C. C. P., Vernon's Texas Crim. Stat., Vol. 2, p. 732. The application of the principles will be found in cases listed in Noble v. State, 273 S. W. Rep., 251, to which we refer. Testimony other than that of the accomplice must with some degree of cogency tend to connect the accused with the commission of the offense. In the present case, the conceded conduct of the appellant is contradictory of the testimony of Henderson.

There are numerous bills of exception attempting to present for review complaints of the rulings of the court upon the admission of evidence. They are in the main but transcriptions of the stenographer's notes in question and answer form, contrary to the requirements of the statute. See Art. 846, Vernon's Texas Crim. Stat., Vol. 2, and numerous interpretations thereof.

For that reason and others they present no question which we are called upon to review.

Because of the insufficiency of the evidence, the motion for new trial should have been granted. Its refusal renders a reversal of the judgment proper. It is accordingly ordered.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State urges that the evidence aside from that of the accomplices does tend to corroborate said witness and that the case should have been affirmed. In the light of the motion we have again carefully analyzed the testimony. The State introduced four witnesses. Lindley swore only to the fact of the attack upon him and the attempt to rob him by Henderson. Henderson swore to the same facts, but in addition asserted that appellant conspired with him to commit the robbery, carrying him in a truck to the scene, was to have aided in its commission, and was left by him in a truck forty or fifty yards from where he caught the street car, just before the attempted robbery. Morris heard the shots fired in said attempted crime, came out of his house and saw a truck 150 or 160 feet from said street car, which drove away north, but did not see any occupant thereof; he said it was an old truck with ragged curtains. Nelson arrested appellant a day or two after the attempted robbery while the latter was driving an old truck with ragged curtains. Henderson swore that he and appellant had exchanged headgear before the attempted robbery with a view at concealing their identities. Nelson found at appellant's home, after the latter's arrest, a cap. On the trial both appellant and Henderson identified said cap and a hat worn by appellant at the time of the commission of the crime, which Henderson claimed they had exchanged for the purpose mentioned; appellant claiming that they had swapped the hat and the cap that afternoon, he paying Henderson a dollar boot. Appellant admitted being in the neighborhood of the robbery that night, claiming that he went out to see a Mrs. Burke and that Henderson asked appellant to take him in the latter's truck to a point where he could catch a street car. Appellant said he and Mrs. Burke were in the truck together and let Henderson out at the point desired, and that as they drove away Mrs. Burke said she heard some shots. This is a condensed statemen presenting all the corroborating testimony.

If it be conceded that appellant drove Henderson in his truck

to the point where the latter got out and then went 150 or 160 feet to where he boarded a street car, after which Henderson made an attack upon the street car motorman with a pistol with the purpose of robbery, this would not, of itself, aided by Henderson's testimony, make out a case sufficient to justify the conviction of appellant. The proof, aside from Henderson, would have to show that appellant knew the criminal intent of Henderson and was acting with him in the criminal enterprise, and was present for the purpose of doing some part in same. As we understand this record, there is no testimony at all supporting such proposition save that of Henderson.

Being unable to agree with the contention made in the State's motion, same will be overruled.

*Overruled.*