JAMES CLAUD MCCAIN V. STATE.

No. 30,953. October 28, 1959.

*Baldwin & Goodwin,* by *Joe B. Goodwin,* Beaumont, for appellant.

*Feagin W. Windham,* District Attorney, *James A. Morris,* Assistant District Attorney, Orange, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary; the punishment, two years in the penitentiary.

The evidence clearly shows that a house occupied as an office by an insurance agency was burglarized by Roy Stallworth and another, or others, on the night of March 4, 1958, entry being made through the roof, and the agency's safe being carried to a rice field and rifled.

Roy Stallworth, who pleaded guilty and was serving a penitentiary term for the burglary, testified as a witness for the state and his testimony was that appellant and David Williams participated with him in the burglary and theft of the safe and its contents.

The first ground for reversal is that there is not sufficient evidence to corroborate the accomplice witness Stallworth, as required by Art. 718 C.C.P., which reads:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The evidence relied on by the state to corroborate the accomplice, Roy Stallworth, consists of the following:

Mrs. Hunt testified that Stallworth rented a room from her and that Williams came there and roomed with him for the last three or four nights; that appellant rented an apartment in the rear and remained two nights, and that the three left at the same time.

Mr. Palmer, manager of the insurance agency and named in the indictment as the person in control of the house which was burglarized, testified that appellant came to the office the morning before the burglary and purchased a life insurance policy.

Miss Hickinbottam, an employee, also testified as to appellant's visit to the office.

Alexander D. Barnard, of the Baton Rouge State Police, arrested appellant on a Baton Rouge Street about 1 A.M. on March 7. He had previously seen appellant in company of an unidentified man who "had fled the scene."

Other testimony offered by the state was to the effect that the safe stolen in the burglary had been in the Chevrolet automobile belonging to the accomplice witness, in which Williams was riding alone when arrested in Baton Rouge, Louisiana, and tools found in the automobile were used in breaking into the safe through the bottom.

While the evidence clearly corroborates Roy Stallworth's testimony that he burglarized the insurance agency office and stole the safe, and it is evident that he was assisted by another or others, we find no evidence aside from that of Roy Stallworth as to any criminative fact which would tend to connect appellant with the breaking and entry of the building or the theft of the safe.

In the absence of corroboration of the testimony of the accomplice witness required by Art. 718 C.C.P., the evidence is insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.