RAUL BOTELLO v. STATE

No. 34,749.    November 21, 1962

*Polk Hornaday, Frank W. Moran,* both of Harlingen, *Johnson, Hester, Jenkins & Toscano* (on appeal only), Harlingen, for appellant.

*F. T. Graham,* Criminal District Attorney, Brownsville, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The conviction is under Art. 725b, V.A.P.C., as a second offender, for the unlawful possession of a narcotic drug; the punishment, twenty years in the penitentiary.

The state's evidence shows that on the day in question Customs Officers Donald J. Hauff and Stewart Adams received information that the appellant was to take delivery of a quantity of marijuana near a cafe in the city of Harlingen. The information was received by them in the city of Brownsville during the afternoon. After receiving the information, they proceeded to Harlingen, traveling in different automobiles where they contacted certain city officers. From the police station they drove to the vicinity

of the cafe, in separate automobiles, being accompanied by city officers, Eastin, Parker, and Esparza. Shortly after the officers arrived in the vicinity, appellant was seen to get out of his automobile, go into a cafe, and, in approximately five minutes, return to the automobile and drive away. He was next seen in his automobile at a street intersection, where he was stopped by Officer Parker. At such time, appellant was alone in the automobile and when Officer Parker went to the driver's side of the vehicle he observed a brown paper sack on the seat beside appellant. Officer Parker then asked appellant what it was and appellant replied, "It is a sack of marijuana. Here it is. I just got it." Thereupon, appellant was placed under arrest and taken to the police station, where, after being duly warned, he signed a written confession in which he admitted possessing the paper sack lying beside him on the seat and also admitted that it contained marijuana. The paper sack was found to contain seventeen cartuchos, which is a term used among peddlers of marijuana for packages or rolls of marijuana. An examination of their contents by State Chemist Charles Smith, of the Department of Public Safety, disclosed that they contained 79.4 grams of marijuana.

Proof was made and appellant admitted that he had been convicted in the year 1959 in the 138th Judicial District Court of Cameron County of the offense of unlawfully possessing marijuana.

As a witness in his own behalf, appellant denied any knowledge of the presence of the marijuana in his automobile, repudiated his written confession, and testified that he signed the same under an agreement with the officers that it was a consent for the search of his residence without a search warrant.

The court submitted to the jury the question as to whether appellant, after being duly warned, voluntarily and freely made and signed the written confession introduced in evidence by the state. By their verdict the jury resolved the disputed issues against appellant, and we find the evidence sufficient to sustain their verdict.

Appellant's first contention is that the court committed reversible error in permitting Customs Officer Hauff to testify before the jury that on the day in question he had received information that the appellant was going to take the delivery of a quantity of marijuana near the Montalvo Cafe in Harlingen, over appellant's objection that the same was hearsay.

While such type of hearsay evidence, although admissible before the court upon the issue of probable cause, should not be admitted before the jury, its admission in the instant case does not present reversible error.

After such testimony was elicited from the witness over appellant's objection, similar testimony was later elicited from other witnesses by the state, without objection from appellant, and appellant also brought out similar evidence in his cross-examination of other witnesses.

Under such record, no reversible error is shown. Watson v. State, 161 Texas Cr. Rep. 5, 273 S.W. 2d 879; Andrews v. State, 161 Texas Cr. Rep. 550, 279 S.W. 2d 331; Davis v. State, 168 Texas Cr. Rep. 588, 330 S.W. 2d 443; Beck v. State, 360 S.W. 2d 410.

It is next contended that the court erred in permitting the state to bring out and prove on cross-examination of appellant the details of two prior offenses committed by him, by showing that in connection with a narcotics conviction in federal court in 1953, he received punishment of a $100 fine and in the 1959 narcotics conviction in state court alleged for enhancement, he received the minimum punishment of two years, of which he was required to serve only fourteen months.

No objection was made by appellant to the testimony on the grounds now urged. While proof of the details of prior offenses committed by an accused is not permissible, we do not consider the inquiry made of appellant with reference to the punishment assessed in the two prior convictions and the time he served in the penitentiary as constituting proof of the details of the offenses committed. Furthermore, similar testimony was admitted without objection with reference to appellant's receiving a minimum sentence of two years in the 1959 conviction and having served the same in fourteen months. No reversible error may be predicated upon admitting proof of the 1953 conviction, as similar evidence was admitted without objection.

Nor do we find any error in the court's action in permitting the state to inquire of appellant on cross-examination with reference to trouble which the officers testified they had had with him on a prior occasion when he had fought and knocked one of them down. Appellant, in his cross-examination of Officer Hauff, had elicited from the witness testimony to the effect that he (appel-

lant) had knocked an officer down the last time the officers tried to arrest him.

Other contentions urged by appellant have been considered and do not present reversible error.

The judgment is affirmed.