**Alfred Ray NOLLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35749.

Court of Criminal Appeals of Texas.

May 15, 1963.

Rehearing Denied June 19, 1963.

Don M. Wilson, F. T. Gauen, Jr., Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for cattle theft, with a prior conviction for an offense of like character alleged for enhancement; the punishment, ten years.

The sufficiency of the evidence to support the conviction is challenged.

The state's evidence was undisputed that, on the date alleged, twelve head of cattle belonging to the prosecuting witnesses A. J. Causey and Estes Hargrave were stolen from a pasture in Hopkins County.

M. E. Boss, called as a witness by the state, testified that on the night in question he and the appellant went to the pasture

and, without the owners' consent, loaded the twelve head of cattle into a bobtailed Ford truck with dual wheels which the witness had obtained—upon direction of the appellant—from a vacant lot in the city of Grand Prairie. Boss stated that after they loaded the cattle he drove to the Neuhoff Packing Company in Dallas, where he sold the cattle in the name of Bobby Dale Ethridge for approximately $1,220. He further stated that after cashing the check which he received from the company for the cattle he went to Grand Prairie, where appellant resided, and gave him $1,000 out of the proceeds.

Appellant did not testify or offer any evidence in his behalf.

The court, in his charge, instructed the jury that the witness Boss was an accomplice and fully instructed them as to the corroboration necessary to convict upon accomplice-testimony, under the provisions of Art. 718, Vernon's Ann.C.C.P., which reads:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

■ It is appellant's contention that the evidence is insufficient to corroborate the testimony of the accomplice. With such contention we agree.

To corroborate the testimony of the accomplice, the state offered the following:

The two prosecuting witnesses A. J. Causey and Estes Hargrave, the owners of the cattle, testified to facts which merely showed the commission of the offense.

The witness Joe Wilson testified that he was a livestock buyer for the Neuhoff Packing Company in Dallas and that on the day in question the accomplice witness Boss came to the plant in a red bobtailed half-ton Ford truck and unloaded eleven head of cattle. Wilson stated that, at such time, he purchased the cattle from Boss and that he obtained the license number on the truck, which was later given to the sheriff's department.

The witness Luther Johnson testified that prior to the date the cattle were stolen appellant purchased a 1951 dual-wheel ton and a half, stake body, cattle frame Ford truck from him at Cockrell Hill, near Dallas.

Sheriff Paul Ray Jones testified that in his investigation of the theft he found dual-wheel tracks in the pasture where the cattle had been loaded. The sheriff further testified that after a warrant was issued for appellant's arrest he went to Dallas, Grand Prairie, and Arlington, looking for appellant but did not find him.

J. T. Hamby, investigator for the Texas and Southwestern Cattle Raisers Association, and State Ranger R. M. Arnold testified that they also looked for appellant in Van Zandt and Cook Counties and in Dallas and San Angelo after warrant was issued for his arrest, and that he was finally located in Oklahoma in the Tulsa county jail.

In Thomas v. State, 166 Tex.Cr.R. 331, 313 S.W.2d 311, this court, in construing the provisions of Art. 718, supra, said:

" 'The test as to the sufficiency of the corroboration long recognized as correct by our courts is to eliminate from consideration the evidence of the accomplice and examine the testimony of other witnesses with the view of ascertaining if from them comes incriminating evidence which tends to connect accused with the commission of the offense. If so, the corroboration is sufficient; otherwise, not.' "

While the testimony of the other witnesses shows the theft of the cattle and their sale to the packing company by the accomplice, it does not connect appellant with the theft. None of the witnesses place appellant near the scene of the theft or in possession of the stolen cattle. Nor does

their testimony identify the dual-wheel truck used by the accomplice in the transaction as belonging to appellant.

The proof of appellant's apprehension in Oklahoma, standing alone, while indicative of flight, is insufficient to corroborate the accomplice.

The testimony of the other witnesses, under the rule above stated, is insufficient to corroborate the testimony of the accomplice.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.