Thomas Lorenzo **LUCAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44684.

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 26, 1972.

Dalton C. Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Timothy E. Thompson and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for felony theft. Punishment was assessed by the jury at ten years.

At the outset, appellant contends that the evidence is insufficient to corroborate the testimony of the accomplice witness.

The record reflects that one Hamon Shaw was an employee of Spartan's Department Store, in Fort Worth, on September 13, 1970, with the duty of cleaning the store after closing hours. On this date, he asked Store Manager Weaver if he could have help with his job. It was the custom to let Shaw inside the store after closing hours, lock him inside the store and let him out the next morning. Weaver testified that on the night of September 14, 1970, he locked Shaw and one Aurelious Singleton in the store about 9:45 P.M. At about 4:30 A.M., the next morning, Weaver received a call from the store burglary alarm system and, upon going to the store, he found the police had already arrived and was told by Shaw that Singleton had held a gun on him and tied him up. An inventory revealed "fifty some" cartons of cigarettes were missing. Pin ball and juke boxes had been broken into. Later in the day, it was discovered that 200 packages of spark plugs, with six to eight spark plugs in a package, were missing. Weaver testified that the value of the spark plugs taken was sixty-nine cents each.

Officer Weilbacher, of the San Antonio Police Department, testified that on September 15, 1970, after receiving a tip from an informant, he stopped a car driven by Singleton in which appellant was seated in the front seat. A search of the car revealed nine sets of spark plugs in a blue overnight case in the back seat and about two hundred individual spark plugs were found in the trunk.

Singleton testified that appellant told him that Shaw was employed at Spartan's and introduced him to Shaw. Shaw told him that Spartan's was a "good set-up" and that they could make some easy money out there. Prior to the night in question, Singleton went with Shaw to the store to look things over. According to Singleton, a plan was formulated whereby Shaw and Singleton would go to the store and Shaw was to be taped up and left there and appellant was going to bring the car after four in the morning and park it around to the side, where the "stuff" was to be placed in the car. On the night in question, appellant drove the car to the store, let Shaw and Singleton out, and took the car back to the apartment. Singleton testified that he and Shaw broke into the coin operated machine and took money therefrom, took some suit cases and loaded them with cigarettes and spark plugs. Singleton called appellant to come to the store about 4:15 A.M. and, upon arrival, they put the stolen goods in the car and left Shaw tied to the chair. Singleton said appellant had suggested that around four

o'clock in the morning was a good time to leave the store, since there were not as many patrols on the street at this time. Singleton testified further that he and appellant abandoned a plan to meet Shaw at nine that morning and drove to San Antonia fearing that Shaw might not stick with his story. Before they left Fort Worth, they purchased heroin with money obtained from the coin operated machines and after selling some of the cigarettes in San Antonio, they were on their way to purchase more heroin with a girl companion when they were arrested.

Article 38.14, Vernon's Ann.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

This Court said in Odom v. State, Tex. Cr.App., 438 S.W.2d 912:

"The test of the sufficiency of corroboration of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there be inculpatory evidence or evidence of incriminating character which tends to connect accused with the commission of offense. Edwards v. State, Tex.Cr.App., 427 S.W.2d 629."

Appellant cites Umsted v. State, Tex. Cr.App., 435 S.W.2d 156; McKnight v. State, Tex.Cr.App., 399 S.W.2d 552; Nolley v. State, Tex.Cr.App., 368 S.W.2d 218; Thomas v. State, 166 Tex.Cr.R. 331, 313 S.W.2d 311; McCain v. State, 168 Tex.Cr. R. 407, 328 S.W.2d 295.

In Umsted, there was no evidence, excluding testimony of accomplice that appellant and accomplice had been seen together, that appellant or his car was seen in town, where store burned; or that accomplice and appellant had communicated with each other. The State offered testimony that the appellant's business, located in the building that burned, was failing; that appellant had recently taken out $20,000 insurance on the contents of the building and appellant was in serious financial condition. This Court held such testimony to be insufficient to corroborate the testimony of accomplice.

In McKnight, discounting the accomplice's testimony, the evidence showed that accused exercised joint control of the premises where the stolen property was temporarily stored, and there was no showing that appellant asserted any control over the stolen property or that he was even aware that the motor was stolen. This Court held that the State had failed to sufficiently corroborate the testimony of the accomplice witness.

In McCain, the testimony was held insufficient to corroborate accomplice where it was shown that accused had rented a room for two nights at the same house where the accomplice stayed, and had been seen leaving the house with accomplice and one Williams, who was also accused of the offense. In addition, the manager of the insurance company that was burglarized testified that accused came to the office the morning before the burglary and purchased an insurance policy. This Court said it could find no criminative facts which would connect accused with burglary of the building aside from the testimony of the accomplice.

In Thomas, the corroboration relied on by the State came from the operators of a tavern who testified that the accused and the accomplice were drinking in their club on the night in question, when the deceased came in the tavern and after the deceased left, the accomplice also left and still later, the accused left, and they saw accused get in accomplice's truck and drive away. A witness seated outside an adjacent cafe testified he saw two people leave in a truck and the deceased follow in his automobile. This Court said, "At best,

these circumstances merely raise a suspicion that the appellant participated in the homicide, but do not meet the requirements of the law."

In Nolley, it was said, "The proof of appellant's apprehension in Oklahoma, standing alone, while indicative of flight, is insufficient to corroborate the accomplice."

The State relies on Edwards v. State, supra, in which this Court said:

"The corroborating testimony clearly places appellant in the presence of the accomplice near the scene of the crime at or about the time of its commission in the early morning hours of July 4, 1966, without any reasonable explanation therefor. Appellant's immediate journey to Hamilton and then on to San Antonio may reasonably be considered as flight. Further, appellant, along with the accomplice witness and other companion, were witnessed in the possession of the .380 caliber automatic pistol belonging to the murder victim in the pawn shop the day after the commission of the crime.

We hold that the evidence amply corroborates the accomplice witness's testimony and is sufficient to sustain the jury's conclusion of appellant's guilt."

We find the case of Alexander v. State, 170 Tex.Cr.R. 282, 340 S.W.2d 493, to be more nearly in point than the cases cited by either the appellant or the State. In Alexander, a drive-in grocery was broken into sometime after the 11 P.M. closing hour. At 6 A.M., the next morning, it was determined that 33 cases of beer were missing. The accused and accomplice were found asleep in the accomplice's car around 7:45 A.M. Twenty-one cases of beer were found in the automobile and the assistant manager of the drive-in was able to identify one of the cases of beer as belonging to the store burglarized. This Court said, "The evidence of appellant's possession of the recent stolen property was sufficient to corroborate the testimony of his accomplice . . . . ."

Eliminating the testimony of the accomplice in the instant case, we find other incriminating evidence which tends to connect the accused with the offense. Weaver's testimony places Singleton in the store the night the burglary was committed. In Alexander, neither the accomplice nor the accused was placed at or about the scene of the burglary. The appellant was in the car with Singleton, in San Antonio, the following afternoon, when they were arrested and a bag containing nine sets of spark plugs was found on the back seat of the car and about two hundred plugs were found in the trunk. Identification was made of the stolen merchandise by Store Manager Weaver as follows:

"Q Could you identify these spark plugs by the tag on them?

"A I knew they were the Spartan tickets and they were in a piece of luggage which had our ticket on it, too."

*   *   *   *   *   *

"Q You can't tell the jury beyond a reasonable doubt that those are the same plugs that had previously been in your store on November 15?

"A All I can say, they were, had our ticket on it."

*   *   *   *   *   *

"Q But in particular, you did recover these two hundred packages of spark plugs?

"A We received some back. I don't remember the exact amount, how many I got back from the police department.

"Q But it was well over two hundred individual spark plugs?

"A Yes.

"Q And it had your tag on it?

"A It had my ticket on the package."

■ A Fort Worth police officer testified he went to San Antonio and returned appellant, Singleton and the articles found

in the car to Fort Worth. Many pages of the record are devoted to examination of witness Weaver regarding identification of the spark plugs. We find that the foregoing testimony sufficiently identifies the stolen merchandise.

Appellant urges McKnight, supra, for the proposition that appellant did not exercise exclusive control over the stolen merchandise. In McKnight, there was joint control of a building where the stolen goods were temporarily stored. In the instant case, there was a piece of stolen luggage on the back seat of the car with a Spartan tag on it filled with stolen spark plugs. The fact that Singleton claimed ownership of the stolen merchandise and the car in which they were riding at the time of the arrest does not bring this case within the holding in McKnight. In Alexander, the accomplice was shown to be the owner of the car.

This Court held, in Rogers v. State, Tex. Cr.App., 461 S.W.2d 399:

"The corroborating testimony need not be sufficient in itself to establish the guilt of the accused, for if this were true the testimony of the accomplice would be of no value. The evidence is sufficient if it tends to connect the defendant with the offense."

The arrest of appellant with accomplice the afternon following the early morning theft, the placing of the accomplice in the store where the crime took place the night before, the presence of stolen merchandise on the back seat of the car as well as in the trunk of the car in which appellant was arrested provide the combined and cumulative weight sufficient to provide facts tending to connect the appellant with the commission of the crime. See Cherb v. State, Tex.Cr.App., 472 S.W.2d 273. We find the evidence sufficient to corroborate the testimony of accomplice.

Appellant contends that the proof shows, as a matter of law, that appellant was an accomplice and the verdict shows him to be guilty as a principal.

According to Singleton, appellant was in on the planning of the theft, drove Shaw and Singleton to the store on the night in question, and returned to the store at a designated time and picked up Singleton and the stolen merchandise. Singleton further testified that the crime was committed to raise money to buy heroin for appellant and Singleton.

Article 65, Vernon's Ann.P.C., provides: "All persons are principals who are guilty of acting together in the commission of an offense."

Article 69, V.A.P.C., provides: "Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act."

The appellant not only participated in the planning of the crime, but aided in the commission of the offense by picking up the stolen goods and Singleton at the scene.

We find the evidence sufficient for the jury to conclude that appellant was a principal in the theft. See Fantroy v. State, Tex.Cr.App., 474 S.W.2d 490; Bowers v. State, Tex.Cr.App., 473 S.W.2d 491; Puentes v. State, Tex.Cr.App., 463 S.W.2d 730.

Appellant next contends that the evidence is insufficient to show a theft of personal property as alleged in the indictment.

The indictment charges appellant with theft of two hundred spark plugs of the value of thirty cents each, of the total value of Sixty Dollars. The testimony of Store Manager Weaver, as heretofore set out under appellant's first contention, reflects that over two hundred of the recovered spark plugs were identified by Weaver as having been taken from the store. Singleton testified that about 368 spark plugs were taken in the theft. Weaver further testified that the reasonable cash market value of each spark plug in Tarrant County, Texas, on September 15, 1970, was

sixty-nine cents. An allegation as to value is not descriptive further than to show whether the offense is a felony or misdemeanor. 5 Branch's Ann.P.C., 2 ed., Sec. 2675. No error is shown.

Appellant contends the court erred in admitting hearsay testimony. Complaint is made to the following testimony admitted over objection:

"Q Mr. Weaver, when did you get notified by the police department that the spark plugs were available?

"A I believe it was on the day that same day."

Weaver had earlier testified without objection that the spark plugs were brought from the police department to the store. Officer Hawkins, of the Fort Worth Police Department, testified that he picked up the spark plugs in San Antonio and returned them to Fort Worth and that the manager of Spartan's picked them up. If the complained of testimony is hearsay, no error is shown in that ample evidence to the same effect is in the record. See Botello v. State, 172 Tex.Cr.R. 634, 362 S. W.2d 318.

Appellant contends that the State committed reversible error in its jury argument. The argument complained of is as follows:

"And every time one of these piddling old Mickey Mouse thefts occurs and every time they go into Spartan's store and they go into some other store, our piddling old Mickey Mouse insurance goes up and the piddling old Mickey Mouse price we pay for merchandise goes up and we encourage more piddling old Mickey Mouse criminals to go out and do the same thing because it's a real easy way to make money and real easy way to . . ."

Appellant objected "to his inference to the jury that what they do will increase insurance premiums, . . ."

The court sustained the objection and instructed the jury to disregard the statement, but denied appellant's motion for a mistrial.

Appellant had previously argued to the jury, "I think you've wasted enough of your time on this kind of Mickey Mouse deal, . . ."

Error, if any, was cured by the court's prompt instruction. Wrenn v. State, Tex. Cr.App., 478 S.W.2d 98; Dunlap v. State, Tex.Cr.App., 477 S.W.2d 605; Ward v. State, Tex.Cr.App., 474 S.W.2d 47.

In his final contention, appellant complains of the State introducing evidence of an extraneous offense. Appellant does not specify what testimony his complaint is made to; the contention is neither briefed nor discussed by appellant, and, therefore, presents nothing for review. Art. 40.09, Sec. 9, V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.

Opinion Approved by the Court.

DOUGLAS, Judge (concurring).

The dissenting opinion discusses how many times the accomplice witness had been convicted and arrested. He was an admitted participant in the offense charged in the present case and that is the reason that the trial court charged that he was an accomplice witness as a matter of law. His testimony alone is insufficient to support the conviction under Article 38.14, V.A.C.C.P. It is immaterial whether we, as appellate judges, would believe him had we heard him under oath for his credibility was a matter for the jury, not this Court, to decide. We should not penalize the State for offering the testimony of an accomplice witness, but merely should see if there is sufficient evidence, excluding that of the accomplice witness, which *tends* to connect the accused with the commission of the offense.

In addition to the testimony set out in the original and in the dissenting opinion,

Officer Weilbacher testified that a small overnight bag[1] containing spark plugs in the rear seat had what he was almost positive a Spartan's tag on it. The bag in the trunk also had a Spartan's tag on the outside.

There is no testimony by Officer Weilbacher in the record or anyone else that shows that a passenger in the front seat in the daytime, when the arrest was made, could not see the spark plugs, which also contained Spartan tags, in the rear seat. The accomplice witness Singleton testified that he poured the spark plugs in the bag. From what this record shows, the spark plugs with Spartan tags on them could have been visible as well as the bag with the tag on it.

If the rule of Article 38.14, supra, required that there be sufficient evidence over and above that of an accomplice witness to convict an accused, it would be useless and foolish to use such a witness and have him impeached and weaken the case for the prosecution. However, such is not the rule. What evidence in the present case tends to incriminate the appellant? He was in the car with Singleton with stolen property. They were arrested in the daytime. The officer saw the bag in the rear seat and it had, in the officer's almost positive recollection, a Spartan's tag on the outside of it. Also, the large number of spark plugs had Spartan's tags on the packages.

In the present case we have direct testimony from the accomplice and in addition sufficient evidence, in my opinion, to tend to connect the appellant with the commission of the offense.

For the above reasons, I concur with the original opinion affirming this cause.

ONION, Presiding Justice (dissenting).

I simply cannot bring myself to agree with the majority's position that the evidence is sufficient to corroborate the testimony of the accomplice witness Aurelious Singleton, who was shown to have been convicted of seven criminal charges (four felonies and three misdemeanor thefts); who had been arrested 40 or 50 times, and who was admittedly a narcotic addict.

The Legislature has clearly provided in Article 38.14, Vernon's Ann.C.C.P., that

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

"Under the express terms of the corroboration statute, however, evidence offered to corroborate the testimony of an accomplice must do more than merely show that the crime charged was committed. The statute is also construed as requiring more than a mere showing that the offense might have been committed by the accused. To be sufficient under the statute, the corroborative evidence offered must tend, directly and with some degree of cogency, to connect the accused with the commission of the offense. . . ." 24 Tex.Jur.2d, Evidence, Sec. 694, p. 326.

In Edwards v. State, 427 S.W.2d 629, 632 (Tex.Cr.App.1968), this court stated:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319."

---

1. It was also referred to as a flight bag.

"The sufficiency of the corroboration of an accomplice's testimony is determined in the first instance by the jury under the facts of the particular case. On appeal, the sufficiency of the corroboration is tested by the appellate court by examining the record, eliminating from consideration the testimony of the accomplice, and then ascertaining whether any other evidence in the record tends to incriminate the accused and connect him with the offense committed. If other evidence in the record apart from the accomplice's testimony tends to inculpate the accused, corroboration of the accomplice's testimony will be deemed to be sufficient. But if such other evidence fails to connect the accused with the commission of the crime, the corroboration is insufficient and the conviction of the accused may be reversed." 24 Tex.Jur.2d, Evidence, Sec. 694, pp. 329–331.

Applying the above described test and bearing in mind that the corroboration is not sufficient if it merely shows the commission of the alleged offense, it is observed that the only independent inculpatory evidence tending to connect the appellant with the crime is that of Officer Weilbacher of the San Antonio Police Department. Is it sufficient? I think not.

Weilbacher testified that, acting on the tip of an informer to the effect that Singleton and an unidentified companion were in possession of heroin, he stopped Singleton's car in the City of San Antonio around 2:00 or 2:15 p.m. on September 15, 1970. Singleton was driving the car, the appellant Lucas was in the front passenger seat and Sarah Houston occupied the rear seat. A search of these individuals failed to reveal any heroin. With Singleton's consent, the car, which was shown to belong to Singleton, was searched. A bag, once described as a flight bag and subsequently as an over-

night bag, was found on the rear seat near where Sarah Houston was seated. Inside the bag were nine sets of spark plugs and approximately 200 more such plugs were found in the trunk. None of the plugs was shown to have been visible to a mere passenger in the car.

Thus, the State relies upon testimony that shows the appellant was in the company of the accomplice witness some ten hours or so after the alleged offense several hundred miles away. While such evidence might indicate flight on the part of the accomplice witness Singleton, the same does not indicate flight on the part of the appellant. There was no corroborative evidence showing that appellant was seen at or near the scene of the burglarized premises before or after the alleged offense. No evidence was offered to show that the appellant associated with Singleton or the co-defendant Shaw or had ever been with either of them prior to the arrest. In fact, there was no independent evidence that the appellant lived in Tarrant County or had ever been in that county in his life.

With all due respect to the majority, the store manager's testimony placing Singleton in the store the night the alleged offense occurred has no place in assessing the sufficiency of the corroboration. It was not incriminating evidence which tended to connect the appellant with the crime charged. It may tend to corroborate that portion of Singleton's testimony that he (Singleton) was present and participated in the crime but it is in no way related to the appellant. It simply does not meet the test.[1]

If the evidence here is sufficient to corroborate the accomplice witness, who had yet to be tried for the alleged offense, then it would be sufficient to convict every passenger found in any accomplice witness' car hours after the alleged offense and hundreds of miles from the scene of the

---

1. Although the accomplice witness may state any number of facts that are corroborated by evidence of other witnesses, still, if the facts thus corroborated do not tend to connect the accused with the

crime, the corroboration is insufficient. Odneal v. State, 117 Tex.Cr.R. 97, 34 S.W.2d 595 (1931); Umsted v. State, 435 S.W.2d 156 (Tex.Cr.App.1968).

crime where property supposedly [2] stolen is also found, though not visible to the naked eye, without any showing as to the length of time the passenger had been in the car or that he had ever in his life been near the scene of the crime or in the county in which it occurred, etc. In the instant case, the accomplice witness could, if he desired and it served his purposes, also have implicated Sarah Houston and, under the majority's view, the evidence would be sufficient to support her conviction.

I would say as did Judge Morrison in Thomas v. State, 166 Tex.Cr.R. 331, 313 S.W.2d 311, 313 (1958),

"After mature consideration, we have concluded that the evidence offered in corroboration of the accomplice was not sufficient to meet the rule set out. At best, these circumstances merely raise a suspicion that the appellant participated in the homicide, but do not meet the requirements of the law."

See also Carter v. State, 104 Tex.Cr.R. 163, 283 S.W. 174 (1926); Almazan v. State, 140 Tex.Cr.R. 432, 145 S.W.2d 576 (1940).

For the reasons stated, I dissent.

MORRISON, J., joins in this dissent.

2. None of the sparkplugs allegedly stolen and supposedly found in Singleton's car was introduced into evidence. Weilbacher was not asked to identify the overnight bag or sparkplugs as being the ones he found. He related he turned the items over to the San Antonio Police property room. Fort Worth City Police Officer Hawkins testified he returned Singleton and the appellant to Fort Worth from San Antonio and that he brought ". . back some sparkplugs and two suitcases" with "Spartan" written on the tags on such items which had been obtained from the San Antonio Police Department; that after the items were placed in the property room of the Fort Worth Police Department the "Manager of Spartans picked them up."
   Weaver, the Manager, testified "they were brought in the police department up here back to the store."

The record also reflects the following on cross examination of Weaver:
"Q. And would it be possible that a portion, or possibly all of those sparkplugs had been sold by someone other than yourself?
"A. No, yes.
"Q. So you can't tell the jury beyond a reasonable doubt that these sparkplugs were taken by anybody on November 14 or November 15, can you?
"A. No, sir."
" . . .
"Q. You can't tell the jury beyond a reasonable doubt that those are the same plugs that had previously been in your store on November 15?
"A. All I can say, they were, had our ticket on it."