**Floyd JAMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51759.**

Court of Criminal Appeals of Texas.

July 7, 1976.

**5.** See Section 19.07.

Paul S. Colley, Henderson, for appellant.

Donald R. Ross, County Atty., and Davis P. Brown, Asst. County Atty., Henderson, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for burglary of a habitation. Trial was before a jury and appellant was found guilty and his punishment was assessed at twenty (20) years in the Texas Department of Corrections.

In two grounds of error appellant challenges the sufficiency of the evidence corroborating the testimony of an accomplice witness.

The record shows that the home of Mr. and Mrs. Joe Price Gibson was burglarized sometime between the hours of 2:00 p. m. and 4:00 p. m. on January 22, 1975. Mrs. Gibson testified that she returned to the house on Airport Highway near Henderson, Texas at about 4:00 p. m. and noticed that the carport door was open. She said that she looked through the open door and saw that a closet door inside was open and the contents of the closet had been strewn all over the room. She did not enter the house, but went to a neighbor's home and called the Rusk County Sheriff's department and her husband. Mr. Gibson testified that he and his wife and the sheriff's deputy examined the home and determined that a television, a stereo record player and two guns were missing and that other rooms of the house had been ransacked.

John Winn, a neighbor, testified that he passed the Gibson home on his way to work at approximately 3:30 p. m. on the afternoon of the burglary. The Gibson house is situated on a hill some one hundred yards from the Airport Highway and Winn stated that as he drove past he noticed a car parked in the driveway seventy-five to a hundred feet from the house. Winn described the car as a late model "mid-size" Chevrolet, probably the "Chevelle series." He described the color as "off yellow or off light tan or butterscotch" with either a brown or black top. He stated that the trunk lid of the car was open and that two black males were standing behind the car. One of the men he described as "a very large person" close to six feet three inches in height and much heavier than 160 pounds. Winn could not describe the clothing worn by the two men and could not identify appellant as one of the men, although he did testify that appellant was "that large of a man." Winn stated that when he passed the house and saw the men he did not think anything unusual had happened.

Noah Carr testified as an accomplice witness and as a party to the crime. He stated that he and appellant met in Longview and drove together in appellant's car to the house on Airport Highway. Carr described the car as a "tan Chevrolet Chevelle" with a black top. He stated that he entered the house through the carport and that they took a television, a stereo and two guns.

Michael Strong, chief deputy sheriff of Rusk County, testified that he knew appellant and was familiar with the type of car he was driving in January 1975. He described the car as a "butterscotch yellow Chevelle . . . in the early '70's" with a black top. On cross-examination, Strong was asked if he saw appellant driving that car on January 22, 1975 and he replied that he "couldn't testify even what I drove then."

None of the stolen property was recovered.

Art. 38.14, V.A.C.C.P., requires corroborating evidence which tends to connect the defendant with the offense in order to support a conviction based upon accomplice testimony. Such corroboration is insufficient if it merely shows the commission of the offense.

■ The well-established test of the sufficiency of the corroborating testimony is to eliminate from consideration the evidence of the accomplice witness and then to examine the testimony of other witnesses to ascertain if there is inculpatory evidence which tends to connect the defendant with the commission of the offense. If there is other evidence of an incriminating nature, the corroboration is sufficient; otherwise, it is not. *Bentley v. State,* 520 S.W.2d 390 (Tex.Cr.App.1975) and cases cited therein.

■ It is not necessary that the corroboration directly link the accused to the crime or that it be sufficient in itself to establish guilt, *Attwood v. State,* 509 S.W.2d 342 (Tex.Cr.App.1974); it need only make the accomplice's testimony more likely than not. *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974).

■ Eliminating from consideration the testimony of the accomplice Noah Carr, we are left with (1) the testimony of the Gibsons and the sheriff's deputy that a burglary was committed on January 22, 1975; (2) the testimony of Winn that he saw two black men and a late model "off yellow or off light tan or butterscotch" Chevelle with a dark top in the driveway of the house on the afternoon of the burglary; (3) Winn's testimony that appellant is as large a man as one of the men he saw; (4) the testimony of the chief deputy that appellant was driving a butterscotch yellow Chevelle with a black top during the month of January 1975.

In *Tompkins v. State,* 501 S.W.2d 132 (Tex.Cr.App.1973) the non-accomplice testimony showed that the burglary was committed by "two white males" and that two white males were seen fleeing the scene. A patrolling police officer received a radio report that one of the subjects in the burglary was a "young, tall white male." He arrested appellant, a young white male, walking on the road less than a mile from the burglary scene and only thirty minutes after the crime. We held that appellant's proximity to the scene and the fact that he was a young white male were insufficient to corroborate the accomplice's testimony.

In *Nolley v. State,* 368 S.W.2d 218 (Tex.Cr.App.1963) a non-accomplice witness testified that the stolen cattle were delivered to him by the accomplice in a "red, bobtailed half-ton Ford truck" and that he obtained the license number of the truck. Another witness testified that prior to the date of the cattle theft appellant purchased a "1951 dual-wheel, ton and a half, stake body, cattle frame Ford truck." A police officer testified that he found dual-wheel tracks in the pasture where the cattle were loaded. However, none of the witnesses could place appellant near the scene of the theft or in possession of the cattle, nor was the truck used to deliver the cattle identified as the same truck owned by appellant. We held the evidence insufficient to corroborate the accomplice's testimony.

In the present case there is no showing that appellant owned any type of car at the time of the burglary other than the deputy's statement that he was driving a butterscotch yellow Chevelle with a black top during the month of January. The witnesses were not asked to identify, by photograph or otherwise, a car that could be positively linked to appellant by ownership or possession as the same car used in the burglary. Furthermore, the witness Winn was not able to identify appellant as one of the men he saw except for the fact that he is black and is "as large a man" as one of those he saw.

We hold the evidence is insufficient to corroborate the accomplice's testimony.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.