BENJAMIN FRANKLIN EASTERLING, JR. v. STATE.

No. 30,808. June 17, 1959.

*J. P. Moseley and Burt Barr*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Henry Stollenwerck, Paul W. Leech, Merle Flagg*, Assistants District Attorney, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon complaint and information alleging two separate offenses of driving a motor vehicle upon a public highway while intoxicated, appellant was found guilty and assessed 30 days in jail and a fine of $50, and 30 days in jail and a fine of $200 respectively.

Bill of Exception No. 1 certifies that counsel representing

the state, in the opening argument, stated: "He, the Defendant, does not have to explain anything to anybody."

The bill further certifies that the defendant did not testify, and that "immediately upon such argument being made, the defendant objected to the same on the ground that same constituted a comment on the failure of the Defendant to testify" and that the court sustained the objection and instructed the jury to disregard it, but overruled motion for a mistrial.

In view of the court's having sustained the objection on the ground that Art. 710 C.C.P. was violated, we are in no position to agree with counsel for the state that the remark should be construed as referring to the time of one of the alleged offenses, and not to the defendant's failure to testify. We must assume that the trial judge correctly sustained the objection and correctly withdrew the remark from the jury.

That the trial court's instruction to the jury to disregard the allusion to the defendant's failure to testify did not cure the error, and that such error requires reversal of the conviction is well settled. Branch's Ann. P.C., Sec. 395, lists many cases so holding. See also Minton v. State, 162 Texas Cr. Rep. 358, 285 S.W. 2d 760; Richard v. State, 164 Texas Cr. Rep. 230, 298 S.W. 2d 146.

Because of the error in argument, the judgment is reversed and the cause is remanded.