ODIS ODELL PENNINGTON V. STATE

No. 34,162.   February 7, 1962

*William Lawrence Scarborough,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for robbery by assault; the punishment, thirty years.

This case has been to this court twice before on appeal and is reported in 169 Texas Cr. Rep. 183, 332 S.W. 2d 569 and 171 Texas Cr. Rep. 130, 345 S.W. 2d 527.

The disposition of this appeal makes a summary of the facts unnecessary.

By appellant's bystanders bill, he complains of a statement made by state's counsel during his voir dire examination of the jury panel which was as follows: "I don't want to have to try this case again. It has already cost the state ten thousand dollars ($10,000)." To this statement, the appellant objected on the ground that the state's attorney went far afield and exceeded his rights and injected harmful facts into the record which were highly inflammatory and prejudicial. The objection was overruled and appellant reserved his exception.

In refusing the proposed formal bill, the trial judge noted thereon that state's counsel made no harmful remarks on voir dire examination of the jury, but he did not find that the statement complained of was not made. The appellant did not accept the reason of the trial judge for refusing to approve the bill. He timely perfected and filed his bystanders bill. The state did not contest or controvert in any manner the bystanders bill.

At the outset of the trial and before the examination of the jury panel had begun, the appellant presented his written motion to the court requesting that the court reporter be instructed to record all of the voir dire examination of the jury panel, including all remarks of counsel to the panel. The motion was considered and refused.

The preservation of the voir dire examination of the jury panel and remarks of counsel would have made available all matters occurring during such time. If preserved, it could have greatly aided and made possible an accurate presentation of the complained of error on appeal.

We deem it appropriate to direct attention to the fact that in Torres v. State, 331 S.W. 2d 929, the reporter took the voir dire examination and we were dealing only with the question of how much of his notes the reporter should be required to transcribe and furnish to the defendant who was unable to pay therefor. The Torres case is not to be construed as holding that the defendant is not entitled upon demand to have the court reporter take the voir dire examination of the jury panel as well as the arguments and other parts of the trial of a felony case.

The statement complained of in the bystanders bill injected injurious and prejudicial matter before the jury panel which was reasonably calculated to prevent a fair trial before an impartial jury. The overruling of the objection by the court left the statement before the jurors who later served on the jury and found him guilty and assessed his punishment at thirty years in the penitentiary. It cannot be reasonably said that the statement did not contribute to the jury's verdict.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.