**Oris REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–87–0033–CR.**

Court of Appeals of Texas, Amarillo.

Oct. 28, 1987.

Rehearing Denied Jan. 12, 1988.

Tom Oliver, Vernon, for appellant.

Kelly Wright, Co. Atty., Vernon, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Oris Reynolds brings this appeal from his conviction by a jury of driving while intoxicated and the consequent court-assessed punishment of six months confinement in the county jail, a $1,000 fine, and a one year suspension of appellant's driver's license. We affirm the judgment of conviction.

In attacking his conviction, appellant contends that the trial court erred in (1) not directing the jury to enter a verdict of acquittal and/or not entering a verdict of acquittal notwithstanding the jury verdict because the State failed to sustain its burden of proof due to insufficient evidence; (2) not granting a mistrial when State's attorney commented in the presence of the jury on defendant's failure to testify; (3) admitting evidence of prior convictions when the State failed to establish that the prior convictions were of the appellant; (4) admitting declarations of appellant against his penal interest in violation of Rule 803(24) of the Texas Rules of Criminal Evidence; (5) admitting the printed result of an Intoxilyzer Test when there had been no predicate laid for its admission; (6) questioning the voir dire panel as to whether any prospective juror had ever sat on a trial against appellant for the offense of driving while intoxicated; (7) not granting a mistrial when a State's witness testified that defendant refused to take a breath test; and (8) not requiring the court reporter to transcribe the entire trial proceeding after previously ordering same.

To sustain a conviction for driving a motor vehicle while intoxicated the evidence must show that appellant (1) drove and operated a motor vehicle (2) while intoxicated (3) in a public place. Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1(b) (Vernon Supp.1987). In his first point appellant argues there was insufficient evidence (1) of appellant driving and operating a motor vehicle, and (2) that the driving and operating of the motor vehicle by appellant occurred at the location alleged in the indictment, which was alleged to be a public place.

■ In determining whether evidence at trial is sufficient to uphold a conviction we must review the evidence bearing in mind the standard of review articulated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *reh'g denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), which is: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original). The Texas Court of Criminal Appeals applied the *Jackson* standard in *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984) and *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App. 1981). Moreover, in making this evaluation, we must look at all the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d at 456; *Mahavier v. State*, 644 S.W.2d 129, 131 (Tex.App.— San Antonio 1982, no pet.).

Our review of the State's evidence reveals that the arresting officer testified that he found appellant alone behind the wheel of a car that was half in a ditch and half on a farm-to-market road. He testified that appellant's feet were on the floorboard of the driver's seat under the steering wheel and that no one else was in the car. The officer also testified that he found no one else in the vicinity and found no liquor bottles either in or around the vehicle. The driver's door was closed.

The officer also said that appellant admitted to the officer that he was driving the vehicle in which he was found. Although appellant objected to the officer's testimony as hearsay without an exception under Texas Rule of Criminal Evidence 803(24), for reasons which we discuss *infra* under appellant's point of error number four, we find sufficient corroborating evidence to indicate the trustworthiness of

appellant's statement against interest. Therefore, appellant's statement against interest is additional admissible evidence to support the jury's finding beyond a reasonable doubt that appellant was driving and operating a motor vehicle while intoxicated.

In support of his position, appellant primarily relies on *Johnson v. State,* 517 S.W. 2d 536, 538 (Tex.Crim.App.1975), in which the Court found insufficient evidence to sustain a misdemeanor conviction of driving a motor vehicle on a public highway while intoxicated even though that appellant admitted driving the vehicle. However, that case is distinguishable. In *Johnson* the appellant was found in a group of people standing on the other side of the street from the pickup truck and there was no evidence as to when he had driven the truck or that he was intoxicated when he drove the truck, no evidence as to how recently the truck had been driven (such as a hot engine), and no evidence that the ditch where the truck was standing was in the street right-of-way. *Id.*

■ In the present case the arresting officer testified in detail as to the condition in which he found appellant inside the vehicle as well as to his observation of the surroundings. Where there is evidence that appellant was found alone in the motor vehicle, this Court has recently held that there is sufficient evidence to show appellant was the driver of the vehicle. *See Keenan v. State,* 700 S.W.2d 12, 14 (Tex. App.—Amarillo 1985, no pet.). Moreover, the record before us contains additional evidence that he was located in the driver's seat with the door closed and with his feet on the floorboard under the steering wheel. We find there was sufficient evidence under the *Jackson* standard to support the evident jury finding that appellant drove and operated a motor vehicle on August 28, 1986, prior to his arrest.

■ As to the issue of the sufficiency of the State's evidence as to the location of the offense, we must again look at all the evidence in the light most favorable to the verdict. *Houston v. State,* 663 S.W.2d at 456; *Mahavier v. State,* 644 S.W.2d at 131. The arresting officer twice testified that he found appellant in a motor vehicle "on FM 1949 about a half mile south of Business 287 in Wilbarger County." Appellant's counsel's secretary testified that she had measured the distance of the location of the motor vehicle from Business 287, based upon the officer's description and reference to defense counsel's drawing (which counsel admitted was "not exactly to scale"), and that it measured two-tenths of a mile.

The credibility of witnesses and the weight to be given their testimony, as well as the resolution of conflicts in testimony, are matters which cannot be reviewed by the appellate court in criminal appeals. They are within the exclusive province of the jury as trier of fact. Tex.Code Crim. Proc.Ann. art. 36.13 (Vernon 1981) and art. 38.04 (Vernon 1979); *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App.1981). We find there is sufficient evidence to support the jury's evident finding that the offense occurred as alleged. Appellant's first point of error is overruled.

■ In his second point appellant contends that the trial court erred in not granting a mistrial when the "State's attorney commented in the presence of the jury on the Defendant's failure to testify." The basis for this attack originated during the production of defense testimony and at a time when defense counsel was querying his secretary about her conversation with appellant concerning appellant's health. The State's objection was as follows:

> Your Honor, this is hearsay. We'll object to it. If the defendant wants to testify about his physical condition, that's fine.

Initially, we must note the Texas rule that, in determining whether a remark is an allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto. *Ramos v. State,* 419 S.W.2d 359, 367 (Tex.Crim.App.1967). It is

well established that a comment such as this which occurs prior to the time testimony in the case has closed, cannot be held to refer to a failure to testify which has not yet occurred. *McCarron v. State,* 605 S.W.2d 589, 595 (Tex.Crim.App.1980); *Garcia v. State,* 513 S.W.2d 559, 562 (Tex.Crim. App.1974); *Jackson v. State,* 501 S.W.2d 660, 662 (Tex.Crim.App.1973); *Terry v. State,* 489 S.W.2d 879, 881 (Tex.Crim.App. 1973).

The circumstances in *Garcia v. State,* 513 S.W.2d 559, and this case are closely analogous. In *Garcia,* the following question during cross-examination and prior to the close of the evidence of a defense alibi witness was held not to be improper:

> Well, if he was asleep, of course, Robert Garcia [the defendant] knows better than anybody else in the world whether he was asleep or not?

*Id.* at 562.

In asserting that the State's question requires reversal, appellant places primary reliance upon the decisions in *Bird v. State,* 527 S.W.2d 891 (Tex.Crim.App.1975) and *Easterling v. State,* 168 Tex.Cr.R. 219, 325 S.W.2d 138 (1959). In each of these cases, the allusion to a failure to testify was made in argument after the close of evidence, a situation completely different from that in this case. Moreover, in *Bird,* the court was considering a capital murder case in which the death penalty had been assessed and the Court held that the error could not be harmless because of the severity of the punishment assessed. 527 S.W.2d at 895.

While the making of the type of remark made by the State during its objection is not be be encouraged, under the circumstances of this case, it does not require reversal. The court, in its charge to the jury after the completion of testimony, specifically charged the jury that it must not consider for any purpose the appellant's failure to testify. This was sufficient to cure any error. *Maddox v. State,* 591 S.W. 2d 898, 903 (Tex.Crim.App.1979), *cert. denied* 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed. 2d 859 (1980). Appellant's second point of error is overruled.

In his third point appellant argues that the trial court erred in admitting evidence of prior convictions when the State failed to establish that the prior convictions of one Oris Reynolds were of appellant. Appellant cites *Chaney v. State,* 494 S.W.2d 813, 815 (Tex.Crim.App.1973), which held that the mere introduction of a charging instrument, judgment, and sentence from a prior conviction is not sufficient in and of itself to sustain the burden of proof of the prior conviction.

It is well established that one of the several methods by which the prosecution may prove that the accused is the person previously convicted is by the use of testimony of a witness who personally knows the accused and the fact of his prior conviction. *Daniel v. State,* 585 S.W.2d 688, 690 (Tex.Crim.App.1979). In the case at bar, during the punishment phase, the State introduced documentation of a prior conviction in 1977 for driving while intoxicated of one Oris Reynolds, being Cause No. 1055 in the County Court of Wilbarger County. The county clerk testified that appellant, Oris Reynolds, was the person she remembered "getting this DWI previously." She testified that she was not in the courtroom during the prior proceedings, but that her records indicated that the fine for the driving while intoxicated conviction was paid with a check from O & S Cattle Company and that she had personal knowledge that appellant was engaged in the cattle business. The former county attorney then testified that he remembered prosecuting appellant for driving while intoxicated during his tenure in 1976–77, but that he had no independent recollection of whether there was a conviction in the case, without reviewing the file.

We find there was sufficient evidence from the documents authenticated by the county clerk and county judge and the combined testimony of the county clerk and former county attorney who prosecuted the prior case, to establish that the accused was the same person previously convicted. Appellant's third point is overruled.

Appellant contends in his fourth point that the trial court erred in admitting

the arresting officer's testimony that appellant stated that he "had been driving on the road and he had met another vehicle coming at him head on and that he swerved and went into the ditch." Appellant argues that such statement was against his penal interest and that the State failed to prove corroborating circumstances clearly indicating the trustworthiness of the statement. Tex.R.Crim.Evid. 803(24).

As corroboration for appellant's statement that he was driving and operating the motor vehicle, the arresting officer testified that he found appellant alone behind the wheel of a car that was half in a ditch and half on a farm-to-market road. He testified that appellant's feet were on the floorboard of the driver's seat under the steering wheel, no one else was in the car or in the vicinity, and that the driver's door was closed.

As a standard for reviewing an insufficiency of the evidence claim as to corroboration of an appellant's out-of-court declaration against his penal interest, we think it appropriate to refer to the established law as to corroborating evidence necessary to support accomplice testimony. In *James v. State*, 538 S.W.2d 414, 416 (Tex.Crim.App. 1976), the Court described corroborating evidence as that "which tends to connect the defendant with the offense in order to support a conviction" based on such testimony. *James* further states:

> The well-established test of the sufficiency of the corroborating testimony is to eliminate from consideration the evidence of the accomplice witness and then to examine the testimony of other witnesses to ascertain if there is inculpatory evidence which tends to connect the defendant with the commission of the offense. If there is other evidence of an incriminating nature, the corroboration is sufficient; otherwise it is not. (Citing *Bentley v. State*, 520 S.W.2d 390, 392–93 (Tex. Crim.App.1975)).

*Id.*

It is not necessary that the corroborating evidence directly link the accused to the crime or that it be sufficient in itself to establish guilt. *See Attwood v. State*, 509

S.W.2d 342, 345 (Tex.Crim.App.1974). It need only make the testimony more likely true than not. *Warren v. State*, 514 S.W. 2d 458, 463 (Tex.Crim.App.1974). The testimony of the arresting officer as to the position in which he found appellant in the motor vehicle and his observation of the motor vehicle and its surroundings tends to connect appellant with an essential element of the crime of driving while intoxicated, to-wit: driving and operating a motor vehicle.

Following the standard explicated in *James v. State*, 538 S.W.2d at 416, and eliminating from consideration appellant's declaration, our examination of the record reveals evidence of an incriminating nature which makes the declaration of appellant more likely true than not. Such corroborating evidence is sufficient to justify the admission of appellant's statement. Appellant's fourth point of error is overruled.

■ In his fifth point appellant contends that the trial court erred in admitting the printed result of an Intoxilyzer test because there was conflicting testimony as to the date on which the test was made. Appellant's contention on appeal varies from his trial objection, therefore, this issue was not properly preserved for appellate review. *Stringer v. State*, 632 S.W.2d 340, 342 (Tex.Crim.App.1982); *Carrillo v. State*, 591 S.W.2d 876, 892 (Tex.Crim.App. 1979); Tex.R.Crim.Evid. 103. Appellant's fifth point of error is overruled.

In his sixth point appellant says the trial court reversibly erred in querying the panel of prospective jurors as follows:

> [I]s there anyone on the jury panel ... [a] person who has sat as a petit jury [sic] in a former trial involving the same defendant in another case involving the same question? Have any of you ever served as a juror in a trial involving Mr. Oris Reynolds?

No objection was made to the question.

■ It is axiomatic that if there is no trial court objection, only fundamental error requires reversal. *Gooden v. State*, 576 S.W.2d 382 (Tex.Crim.App.1979). The reason for this rule is that a trial court

must be given the opportunity to consider any such objection and, if necessary, to take appropriate action to properly protect a defendant. *Miller v. State,* 623 S.W.2d 491, 493 (Tex.App.—Beaumont 1981), *aff'd on other ground,* 692 S.W.2d 88 (Tex.Crim. App.1985).

██ In asserting that the court's question requires reversal, appellant relies upon the Court's decision in *Pennington v. State,* 172 Tex.Cr.R. 40, 353 S.W.2d 451, 452 (1962). However, that case is distinguishable. In *Pennington,* the appellant had made a proper objection to the offending statement, a fact which mandated an appellate test quite different from that required here. In this instance, even if it be assumed, arguendo, that the court's question was error, it was not such an egregious error as to create such harm as to deprive appellant of a fair and impartial trial. Therefore, we find that the court's question was not fundamental error and, in the absence of proper objection, would not require reversal. Appellant's sixth point is overruled.

In his seventh point appellant contends that the trial court erred in not granting a mistrial when one of the State's witnesses, William A. Skinner, testified that appellant refused a breath test. Although appellant, in his brief, states that, in addition to an objection and request for instruction, he also moved for mistrial and was denied this motion, the record does not support this contention. The statement of facts shows an objection to the testimony and a discussion at the bench, at which, apparently, the objection was sustained because the court then gave an instruction to the jury to disregard. The statement of facts and the instrument denominated "First Amended Statement of Facts by Agreement of Counsel" do not show any motion for mistrial and this Court cannot accept as fact any allegation in a defense brief that is not supported by the record. *Beck v. State,* 573 S.W.2d 786, 788 (Tex.Crim.App.1978). Since appellant received all the relief he requested, no error is shown. *Hopkins v. State,* 480 S.W.2d 212, 216 (Tex.Crim.App. 1972). Appellant's seventh point is overruled.

In his eighth, and last, point of error appellant contends that the trial court erred in not requiring the court reporter to transcribe the entire trial proceedings after previously ordering the court reporter to do so. However, on May 14, 1987, an instrument denominated as "First Amended Statement of Facts by Agreement of Counsel" was filed in this cause. This instrument contained appellant's agreement that, when taken together with the original statement of facts, "same will truly reflect the entirety of the court proceedings at the trial of said cause." This point of error is, therefore, moot and, as such, is overruled. *See State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 480 (Tex.Crim.App.1985).

In summary, all of appellant's points of error are overruled and, there being no reversible error, the judgment of conviction is affirmed.

## ON MOTION FOR REHEARING

Appellant Oris Reynolds, in his motion for rehearing, argues in four points for reversal and acquittal. Appellant argues that this Court erred in (1) finding sufficient evidence to support the jury's finding that the offense of driving while intoxicated occurred as alleged; (2) holding that the sidebar remark of the State's attorney did not constitute reversible error; (3) holding that there was sufficient evidence to establish that appellant was the same person previously convicted; and (4) holding that there was sufficient corroborating evidence to justify the admission of appellant's statement against penal interest.

In his first point, appellant again argues that the testimony of the State's witness, the arresting officer, as to the location of the offense, was equivocal and thus, could not support the jury's finding. He additionally argues, as he did in his original brief, that defense counsel's secretary's testimony was the "only competent and unequivocal testimony offered." However, as we noted in our original opinion, her testimony was based on personal observation of the distance of the location of the

motor vehicle from Business 287, "based on the officer's description and reference to defense counsel's drawing (which counsel admitted was 'not exactly to scale')...."

The evident conclusion of the jury, as evidenced by their verdict, was their resolution of the conflicts in testimony in favor of the arresting officer. Such resolution and determination of credibility of witnesses is within their exclusive province as trier of fact. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981).

Additionally, in regard to the sufficiency issue, appellant again argues that *Johnson v. State*, 517 S.W.2d 536 (Tex.Crim.App. 1975) "in pertinent aspects" is indistinguishable from the present case. As he points out, in both cases there was no evidence of a "hot engine." However, in this case, and contrary to *Johnson*, the appellant was found alone inside the motor vehicle with the driver's door closed and seated in the driver's seat with his feet on the floorboard under the steering wheel. In *Johnson*, the appellant was found in a group of people standing on the other side of the street from the motor vehicle, in addition to there being no other evidence, such as a "hot engine." We continue to believe that the determinative facts in *Johnson* are distinguishable from those in the instant case.

In this case, as was the case in *Keenan v. State*, 700 S.W.2d 12, 14 (Tex.App.— Amarillo 1985, no pet.), this appellant was found alone in the automobile in a position that justified the jury's conclusion that he was the driver of the car. Viewing the evidence in the light most favorable to the State, *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984), we persist with our original finding of sufficient evidence to support the evident jury finding that the offense occurred as alleged. Appellant's first point on motion for rehearing is overruled.

In his second point, appellant contends that we erred in holding that the sidebar remark of the State's attorney did not constitute reversible error. Restated, the incident originated during the production of defense testimony and at a time when de-

fense counsel was querying his secretary about her conversation with appellant concerning appellant's health.

Appellant attempts to distinguish the cases relied upon by this Court in our conclusion that "[i]t is well established that a comment such as this which occurs prior to the time testimony in the case has closed, cannot be held to refer to a failure to testify which has not yet occurred." In *McCarron v. State*, 605 S.W.2d 589, 595 (Tex.Crim.App.1980), the complained of comment, "you just have to accept it at face value unless you talk to the person who wrote it," occurred during cross-examination of a witness by the prosecutor. The State had not closed its case and appellant had not rested her case. The Court based its finding on the facts that the prosecutor had no way of knowing whether appellant would testify at the time the complained of question was asked and that the question did not refer to her failure to testify, but as to her knowledge of the check as a "draw." *Id.*

In *Garcia v. State*, 513 S.W.2d 559, 562 (Tex.Crim.App.1974), at the time the complained of statement occurred, the defense had not rested its case, and it was not known by the State's attorney or the jury, whether or not appellant would testify. The Court held that "such language could not refer to a failure that had not occurred." *Id.* The contents of the question were held to have done no more than to indicate that appellant knew whether he was asleep or not at the time of the burglary, and made no allusion to his failure to testify. *Id.*

As appellant points out, *Jackson v. State*, 501 S.W.2d 660, 662 (Tex.Crim.App. 1973), held that appellant's point of error directed to a reference to failure to testify was waived due to failure to object on such ground. However, the Court went on to state the "well-established rule" that had such error been preserved, the statement, "if he would just tell us," was made at a time when State's counsel had no way of knowing whether appellant would testify or not; nor was it a direct allusion to appellant's failure to testify. *Id.*

In *Terry v. State,* 489 S.W.2d 879, 881 (Tex.Crim.App.1973), the question was asked by the court of the defense counsel as to whether the defendant would testify, for the stated purpose of aiding the court in determining if there would be sufficient testimony to fill the remaining portion of the day. Immediately the next morning, the court apologized for the remark, gave a curative instruction to the jury to disregard his remark and, if the defendant chose not to testify, not to consider the defendant's "failure to testify at that time for any purpose." The appellant subsequently did testify, and the Court of Criminal Appeals held such question, although improper, could not be considered by the jury as an allusion to a failure that did not occur. Moreover, the Court said, if harm was done, it was cured by the instruction. *Id.*

Likewise, in our case, from the standpoint of the jury, *Ramos v. State,* 419 S.W.2d 359, 367 (Tex.Crim.App.1967), there was no necessary implication that the language used referred to the defendant's failure to testify. It simply referred to the hearsay statement elicited from the witness as to appellant's alleged health problems, since such defensive theory had not been tendered or pled. At the time of the statement by the prosecutor, it was not yet known whether appellant would testify or not.

Moreover, the instruction regarding the jury's responsibility to not consider appellant's failure to testify for any reason, was sufficient to cure any harm. Under the standard for testing objectionable remarks as to prejudicial value found in *Maddox v. State,* 591 S.W.2d 898, 903 (Tex.Crim.App. 1979), *cert. denied,* 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859 (1980), we believe the complained of statement was not so inherently prejudicial as to suggest the impossibility of withdrawing the impression created in the minds of the jury. Appellant's second point on motion for rehearing is overruled.

In his third point on motion for rehearing, appellant argues that there was insufficient evidence to establish that the accused was the same person previously convicted. The State introduced a certified copy of the prior conviction for driving while intoxicated, probated, for Oris Reynolds, to which the County Clerk testified as to its authenticity. Such file also contained the revocation of such probation based on a conviction in Knox County, which was not introduced or certified by the witness. The County Clerk testified that she remembered the appellant "getting this DWI previously," although she was not in the courtroom at the time of the proceedings. The County Attorney testified that he remembered prosecuting appellant for driving while intoxicated during his tenure in 1976–77, but that he had no independent recollection of whether there was a conviction in the case, without reviewing the file. Thus, under *Daniel v. State,* 585 S.W.2d 688, 690 (Tex.Crim.App.1979), meshing the testimony of the two witnesses, there was sufficient evidence through the testimony of witnesses who personally knew the appellant and knew the facts of his prior conviction, and who correctly identified appellant as the person previously convicted, to establish that appellant was the same person as the "Oris Reynolds" previously convicted. Appellant's third point on motion for rehearing is overruled.

In his final point, appellant correctly points out that Rule 803(24) of the Texas Rules of Criminal Evidence requires that the corroborating circumstances required to admit a statement against penal interest must "clearly indicate the trustworthiness of the statement." He argues that the testimony of the arresting officer as to appellant's out-of-court statement that he "had been driving on the road and he had met another vehicle coming at him head-on [sic] and that he swerved and went into the ditch" was not sufficiently corroborated. The officer had previously testified that he found the appellant behind the steering wheel in a car that was half off in a ditch and half in the road. He testified the appellant was alone in the car, with his feet on the floorboard under the steering wheel.

Appellant concedes that under the standard of *James v. State,* 538 S.W.2d 414, 416 (Tex.Crim.App.1976) (discussion of corroborating evidence necessary to support

accomplice testimony), the declaration "would probably have been admissible." However, he argues that such evidence does not "clearly indicate" the statement's trustworthiness. We disagree.

The Texas Rules of Criminal Evidence were adopted December 18, 1985, and became effective September 1, 1986. Although there may be no case law interpreting the new rule, we may still rely upon the precedential value of prior case law on the subject.

In *Weaver v. State,* 721 S.W.2d 495 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd), the Court discussed the type of corroborating evidence necessary to support admission of an accused's extra-judicial statement against interest. The Court used the *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *reh. denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed. 2d 126 (1979) standard to evaluate the sufficiency of the evidence. In *Weaver,* there was evidence that the appellant had been drinking intermittently for several hours before the accident, there was a short lapse of time between appellant's departure from the beer garden and the dispatch of the arresting officer, that appellant was found leaning against the vehicle shortly after the accident, and that his blood/alcohol level was very high. 721 S.W.2d at 499. The Court found sufficient corroborating circumstances to support the admission of appellant that he was driving the vehicle on the occasion in question. *Id.* at 500. In our case, there was evidence that the appellant was intoxicated at the time of the arrest and detailed observations that appellant was found alone, inside the vehicle, in the position of driver of the vehicle.

As to the wording used in Rule 803(24), Texas Rules of Criminal Evidence, "clearly indicate the trustworthiness of the statement," assuming, arguendo, that such language would create a higher standard of review of the corroborating circumstances, we find the above evidence sufficient under such test as well. "Clear and convincing" has been held by the Court of Criminal Appeals to mean "so clear as to leave no substantial doubt and sufficiently strong to command unhesitating assent of every reasonable mind." *Spencer v. State,* 466 S.W. 2d 749, 752 (Tex.Crim.App.1971). "Clearly established" requires only that the proof be shown by a "clear preponderance of the evidence." *Labay v. Commissioner of Internal Revenue,* 450 F.2d 280, 282 (5th Cir.1971). Our examination of the record reveals evidence of an incriminating nature which not only makes the declaration of appellant more likely true than not, it is sufficiently strong to meet the standard of "clearly" indicating the statement's trustworthiness. Appellant's fourth point is overruled.

In summary, all of appellant's points on motion for rehearing are overruled, and there being no reversible error, the judgment of conviction is affirmed.