In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00035-CR
______________________________


JERRY DON STEWART, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29915-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Jerry Don Stewart appeals from his conviction on his plea of not guilty to possession
of a firearm by a felon. The jury assessed his punishment at three years' imprisonment. 
Â Â Â Â Â Â Â Â Â Â Â Stewart raises a single point of error in which he complains that the application of
Tex. Pen. Code Ann. Â§ 46.04 to his case amounts to an ex post facto application of the
law. Stewart was convicted of murder in November 1982 and was released on parole
November 10, 1992. His parole was to terminate twenty years later, November 10, 2012. 
Â Â Â Â Â Â Â Â Â Â Stewart argues that, at the time of his release on parole, under the version of the
statute then in effect, a felon was permitted to possess a firearm at his or her residence.


 
Stewart testified he purchased a .410-gauge shotgun in January 1994, placed it behind a
filing cabinet, and forgot about it. The shotgun was discovered by police officers when they
executed a search of his home. The officers testified that the filing cabinet was angled in
a corner, that the barrel of the shotgun was protruding from behind the cabinet, and that
.410-gauge ammunition was found in a nearby desk.
Â Â Â Â Â Â Â Â Â Â Both the United States and Texas Constitutions contain an absolute prohibition
against ex post facto laws. U.S. Const. art. I, Â§ 10; Tex. Const. art. I, Â§ 16. It is not an
individual right; rather, it is a "categorical prohibition directed by the people to their
government." Ieppert v. State, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995).
Â Â Â Â Â Â Â Â Â Â The ex post facto clause condemns the imposition of punishment retroactively. An
ex post facto law is one which (1) punishes as a crime an act previously committed which
was innocent when done, (2) aggravates a crime or makes it greater than it was, when
committed, (3) changes the punishment and inflicts a greater punishment than the law
attached to a criminal offense when committed, or (4) alters the legal rules of evidence,
and receives less, or different testimony than the law required at the time of the
commission of the offense to convict the offender. Carmell v. Texas, 529 U.S. 513, 530
(2000); Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994).
Â Â Â Â Â Â Â Â Â Â In this case, the ex post facto clause has not been violated. There is evidence
showing that, even though Stewart obtained the firearm before the effective date of the
1994 amendments to the statute, he possessed it after those amendments went into
effect.


 The statute criminalizes possession of the weapon, not the act of obtaining the
weapon. Thus, the crime was committed after the amended statute went into effect, and
the ex post facto rubric does not apply. 
Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â November 24, 2003
Date Decided:Â Â Â Â Â Â Â Â Â November 25, 2003

Do Not Publish




>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00203-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  LONNIE WAYNE MITCHELL,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the County Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Upshur County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 34,419

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  It is
undisputed that Lonnie Wayne Mitchell, in a drunken[1]
state, was found passed out in a truck stuck in a ditch beside a public
road.Â  How he got thereÂwhether driving
or being drivenÂis the subject of conflicting testimony.Â  Mitchell appeals his jury conviction[2]
of driving while intoxicated (DWI) on the basis that the evidence is
insufficient to establish that he drove the truck to that location while
intoxicated.Â  Because legally sufficient
evidence established that, while intoxicated, Mitchell drove the vehicle into
the ditch, we affirm the trial courtÂs judgment.

Â Â Â Â Â Â Â Â Â Â Â  In
evaluating legal sufficiency of the evidence supporting MitchellÂs DWI
conviction, we review all the evidence in the light most favorable to the juryÂs
verdict to determine whether any rational jury could have found the essential
elements of DWI beyond a reasonable doubt. Â Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319
(1979)); Hartsfield v. State, 305
S.W.3d 859, 863 (Tex. App.ÂTexarkana 2010, pet. refÂd).Â  Our rigorous legal sufficiency review focuses
on the quality of the evidence presented.Â 
Brooks, 323 S.W.3d at 917 (Cochran,
J., concurring).Â  We examine legal
sufficiency under the direction of Brooks,
while giving deference to the responsibility of the jury Âto fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.Â Â Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318Â19).

Â Â Â Â Â Â Â Â Â Â Â  Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge. Â Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see
Grotti v. State, 273 S.W.3d 273, 280 (Tex. Crim.
App. 2008); see also Vega v. State, 267 S.W.3d 912, 916 (Tex.
Crim. App. 2008). Â Under the
hypothetically correct jury charge, Mitchell committed the offense of DWI if
(1) he (2) operated (3) a motor vehicle (4) in a public place (5)Â while
intoxicated.Â  Tex. Penal Code Ann. Â§ 49.04 (West 2011).Â  Mitchell admits that he was Âobviously intoxicated.ÂÂ  His only challenge on appeal questions
whether he operated the motor vehicle.[3]


Â Â Â Â Â Â Â Â Â Â Â  The evidence
reveals this.Â  Concerned motorist William
Thorpe found the truck in a ditch and stopped to investigate.Â  He found Mitchell Âlying across the seatÂ
Âpassed outÂ with his head on the passenger-side seat.Â  Thorpe immediately called 9-1-1 and was told
to rouse Mitchell while hiding the nature of the emergency call for fear that
Mitchell would attempt escape.Â  Pursuant
to operator instructions, Thorpe startled Mitchell, who Âsat up on the driverÂs
side of the truck.ÂÂ  When asked if he
needed assistance, Mitchell Âsaid he was all right.Â  He had justÂwas driving down the road and
eased into the ditch.ÂÂ  MitchellÂs
admission that he was driving, and his plea to Thorpe to refrain from calling
the police were recorded on the clandestinely placed 9-1-1 callÂa recording
admitted into evidence.Â  Thorpe told
Mitchell he was on the phone with a friend who would help pull the truck from
the ditch.Â  Mitchell responded, ÂIÂd
appreciate you getting me out and IÂd go real slow like I was before.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  The evidence
further reveals that Officer Marc Nichols arrived on the scene to discover
Mitchell still lying Âacross the seat with his feet situated towards the
driverÂs side in the floor.ÂÂ  Mitchell
admitted to Nichols that he was in an ÂobviouslyÂ drunken state.Â  MitchellÂs walking cane was retrieved from
Âthe edge of the bed of the truck right there at the driverÂs door where, as
the driver, you could open the door and reach right back and grab a-hold of
that cane to step out of the vehicle.ÂÂ 
When officers initially asked Mitchell how the pickup ended up in the
ditch, Mitchell stated, ÂI turned the corner wrong.ÂÂ  Mitchell was arrested for DWI.Â  Trooper Kenneth Ray Nolley,
Jr., conducted the inventory of the vehicle.Â 
The keys to the truck were within MitchellÂs reach in the driverÂs side
door pocket, and a large, half-full bottle of whiskey was at MitchellÂs feet
next to a shotgun.Â  MitchellÂs blood-alcohol
level at the time was 0.28 grams of alcohol per 100 milliliters of blood.Â  

Â Â Â Â Â Â Â Â Â Â Â  Despite this
evidence, Mitchell argues that conflicting evidence establishes he was not the
driver.Â  After MitchellÂs admission that
he was driving, he later recanted and claimed, ÂI wasnÂt driving.Â  They left me here.ÂÂ  He pointed out that the keys were not in the
ignition.Â  His stepdaughter, Dawanna Jarman, testified that
she drove Mitchell to his friend Ron MullinsÂ house because Â[h]e did not want
to drink and drive.Â[4]Â  Both Jarman and
Mullins claimed that she sat in the truck for four hours while the men
visited.Â  Even though it was cold and
Âdrizzling rain,Â Jarman claimed the men Âsat on the
back of the tailgateÂ and Âtalked some more.ÂÂ 
When it was time to leave, Mitchell was helped into the truck, Jarman pulled out of MullinsÂ driveway, and headed down the
road.Â  She testified that she made a U-turn
and got stuck in the ditch because Mitchell had told her he had left his
cane.Â  Jarman
testified that, when the truck became stuck, she exited the driverÂs side of
the truck, placed the keys in the door pocket, and started walking for
help.Â  Nichols testified, however, that
the driverÂs side of the vehicle Âwas positioned up against the ditchÂ and that
Âit was not possible to get out the driverÂs door.ÂÂ  Nichols also noted the presence of MitchellÂs
ostensibly forgotten cane, hooked onto the bed of the truck.Â  

Â Â Â Â Â Â Â Â Â Â Â  As the sole
judges of credibility of the witnesses and testimony, the jury could have
disregarded statements from Jarman and Mullins.Â  Extrajudicial confessions coupled with corroborating
evidence will support a conviction. Â See Rocha v. State, 16 S.W.3d 1, 4 (Tex.
Crim. App. 2000).Â  Testimony from Thorpe,
Nichols, and Nolley; the audio recording of the 9-1-1
phone call; and the video recording of the arrestÂcontaining MitchellÂs
admissions to drivingÂcould lead a rational jury to find Mitchell was driving
the truck.Â  See Reynolds v. State,
744 S.W.2d 156, 158Â59 (Tex. App.ÂAmarillo 1987, pet. refÂd)
(evidence sufficient where driver was found alone, with feet on floorboard of
driverÂs seat of car that was half in a ditch and half on road).Â  The evidence was legally sufficient to
support MitchellÂs DWI conviction.

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the trial courtÂs judgment. 

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  August
15, 2011Â Â Â Â Â Â Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  September
1, 2011

Â 

Do Not Publish

Â 

Â 

Â 











[1]Mitchell
had reportedly downed half of a 1.75-liter bottle of whiskey; the half-full
bottle was found near his feet in the truck.

Â 





[2]The
trial court ordered a one-year county jail sentence for Mitchell, suspended the
sentence, placed Mitchell on community supervision for eighteen months, and
assessed him a $1,800.00 fine.





[3]Mitchell
was found on a public road.Â  MitchellÂs
claim on appeal focuses on who drove the vehicle to its resting place, not
whether the driving occurred on a public road.





[4]MitchellÂs
ex-wife, Wanda Jarman, testified she gave her
daughter permission to drive Mitchell.Â Â