In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00203-CR

                                                ______________________________

 

 

                               LONNIE WAYNE MITCHELL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court

                                                            Upshur County, Texas

                                                            Trial
Court No. 34,419

 

                                                                         
                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            It is
undisputed that Lonnie Wayne Mitchell, in a drunken[1]
state, was found passed out in a truck stuck in a ditch beside a public
road.  How he got there—whether driving
or being driven—is the subject of conflicting testimony.  Mitchell appeals his jury conviction[2]
of driving while intoxicated (DWI) on the basis that the evidence is
insufficient to establish that he drove the truck to that location while
intoxicated.  Because legally sufficient
evidence established that, while intoxicated, Mitchell drove the vehicle into
the ditch, we affirm the trial court’s judgment.

            In
evaluating legal sufficiency of the evidence supporting Mitchell’s DWI
conviction, we review all the evidence in the light most favorable to the jury’s
verdict to determine whether any rational jury could have found the essential
elements of DWI beyond a reasonable doubt.  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319
(1979)); Hartsfield v. State, 305
S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref’d).  Our rigorous legal sufficiency review focuses
on the quality of the evidence presented. 
Brooks, 323 S.W.3d at 917 (Cochran,
J., concurring).  We examine legal
sufficiency under the direction of Brooks,
while giving deference to the responsibility of the jury “to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see
Grotti v. State, 273 S.W.3d 273, 280 (Tex. Crim.
App. 2008); see also Vega v. State, 267 S.W.3d 912, 916 (Tex.
Crim. App. 2008).  Under the
hypothetically correct jury charge, Mitchell committed the offense of DWI if
(1) he (2) operated (3) a motor vehicle (4) in a public place (5) while
intoxicated.  Tex. Penal Code Ann. § 49.04 (West 2011).  Mitchell admits that he was “obviously intoxicated.”  His only challenge on appeal questions
whether he operated the motor vehicle.[3]


            The evidence
reveals this.  Concerned motorist William
Thorpe found the truck in a ditch and stopped to investigate.  He found Mitchell “lying across the seat”
“passed out” with his head on the passenger-side seat.  Thorpe immediately called 9-1-1 and was told
to rouse Mitchell while hiding the nature of the emergency call for fear that
Mitchell would attempt escape.  Pursuant
to operator instructions, Thorpe startled Mitchell, who “sat up on the driver’s
side of the truck.”  When asked if he
needed assistance, Mitchell “said he was all right.  He had just—was driving down the road and
eased into the ditch.”  Mitchell’s
admission that he was driving, and his plea to Thorpe to refrain from calling
the police were recorded on the clandestinely placed 9-1-1 call—a recording
admitted into evidence.  Thorpe told
Mitchell he was on the phone with a friend who would help pull the truck from
the ditch.  Mitchell responded, “I’d
appreciate you getting me out and I’d go real slow like I was before.”  

            The evidence
further reveals that Officer Marc Nichols arrived on the scene to discover
Mitchell still lying “across the seat with his feet situated towards the
driver’s side in the floor.”  Mitchell
admitted to Nichols that he was in an “obviously” drunken state.  Mitchell’s walking cane was retrieved from
“the edge of the bed of the truck right there at the driver’s door where, as
the driver, you could open the door and reach right back and grab a-hold of
that cane to step out of the vehicle.” 
When officers initially asked Mitchell how the pickup ended up in the
ditch, Mitchell stated, “I turned the corner wrong.”  Mitchell was arrested for DWI.  Trooper Kenneth Ray Nolley,
Jr., conducted the inventory of the vehicle. 
The keys to the truck were within Mitchell’s reach in the driver’s side
door pocket, and a large, half-full bottle of whiskey was at Mitchell’s feet
next to a shotgun.  Mitchell’s blood-alcohol
level at the time was 0.28 grams of alcohol per 100 milliliters of blood.  

            Despite this
evidence, Mitchell argues that conflicting evidence establishes he was not the
driver.  After Mitchell’s admission that
he was driving, he later recanted and claimed, “I wasn’t driving.  They left me here.”  He pointed out that the keys were not in the
ignition.  His stepdaughter, Dawanna Jarman, testified that
she drove Mitchell to his friend Ron Mullins’ house because “[h]e did not want
to drink and drive.”[4]  Both Jarman and
Mullins claimed that she sat in the truck for four hours while the men
visited.  Even though it was cold and
“drizzling rain,” Jarman claimed the men “sat on the
back of the tailgate” and “talked some more.” 
When it was time to leave, Mitchell was helped into the truck, Jarman pulled out of Mullins’ driveway, and headed down the
road.  She testified that she made a U-turn
and got stuck in the ditch because Mitchell had told her he had left his
cane.  Jarman
testified that, when the truck became stuck, she exited the driver’s side of
the truck, placed the keys in the door pocket, and started walking for
help.  Nichols testified, however, that
the driver’s side of the vehicle “was positioned up against the ditch” and that
“it was not possible to get out the driver’s door.”  Nichols also noted the presence of Mitchell’s
ostensibly forgotten cane, hooked onto the bed of the truck.  

            As the sole
judges of credibility of the witnesses and testimony, the jury could have
disregarded statements from Jarman and Mullins.  Extrajudicial confessions coupled with corroborating
evidence will support a conviction.  See Rocha v. State, 16 S.W.3d 1, 4 (Tex.
Crim. App. 2000).  Testimony from Thorpe,
Nichols, and Nolley; the audio recording of the 9-1-1
phone call; and the video recording of the arrest—containing Mitchell’s
admissions to driving—could lead a rational jury to find Mitchell was driving
the truck.  See Reynolds v. State,
744 S.W.2d 156, 158–59 (Tex. App.—Amarillo 1987, pet. ref’d)
(evidence sufficient where driver was found alone, with feet on floorboard of
driver’s seat of car that was half in a ditch and half on road).  The evidence was legally sufficient to
support Mitchell’s DWI conviction.

            We
affirm the trial court’s judgment. 

 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          August
15, 2011         

Date Decided:             September
1, 2011

 

Do Not Publish

 

 

 











[1]Mitchell
had reportedly downed half of a 1.75-liter bottle of whiskey; the half-full
bottle was found near his feet in the truck.

 





[2]The
trial court ordered a one-year county jail sentence for Mitchell, suspended the
sentence, placed Mitchell on community supervision for eighteen months, and
assessed him a $1,800.00 fine.





[3]Mitchell
was found on a public road.  Mitchell’s
claim on appeal focuses on who drove the vehicle to its resting place, not
whether the driving occurred on a public road.





[4]Mitchell’s
ex-wife, Wanda Jarman, testified she gave her
daughter permission to drive Mitchell.